CHRIST LANDBERG, Appellee, *vs.* THE CITY OF CHICAGO *et al.* Appellants.

*Opinion filed December 15, 1908.*

1. MUNICIPAL CORPORATIONS—*occupation of selling and collecting manure is a legitimate business.* In the exercise of his right to pursue any lawful avocation he may choose, a citizen may engage in the business of collecting and shipping manure; but such business is one which may be conducted in such a manner as to be offensive or injurious to public health, and it is therefore a proper subject for regulation by the city.

2. SAME—*when court cannot hold ordinance void for unreasonableness.* If the legislature has authorized a municipal corporation to pass an ordinance of a particular kind, requiring or prohibiting the doing of a specific thing, the courts cannot declare the ordinance void for unreasonableness, and in such a case can only declare it void if it is in conflict with the constitution.

3. SAME—*effect where an ordinance is passed under a general power.* If a general power is given to a municipal corporation to act on a particular subject but there is no express authority to do a certain thing or pass a particular ordinance, the courts assume the legislative intent to be that the general power shall be exercised in a reasonable manner, and all ordinances passed under a general power must therefore be reasonable, and not vexatious, unequal or oppressive.

4. SAME—*a city cannot grant exclusive privilege of removing manure.* Under its general power to make regulations for the promotion of health and suppression of disease, a city may require the prompt removal of manure, regulate the conduct of the business, prescribe penalties for the infraction of reasonable rules and regulations, require a license to engage in the business and security for the observance of regulations and ordinances, but it has no

power to grant the exclusive privilege of engaging in the business to one person who has bid for the privilege.

5. SAME—*when grant of monopoly cannot be sustained.* The grant by a city of a monopoly having no legitimate relation to the purpose to be accomplished by the ordinance is offensive, and renders the ordinance unequal and unreasonable as between citizens.

APPEAL from the Circuit Court of Cook county; the Hon. CHARLES M. WALKER, Judge, presiding.

EDWARD J. BRUNDAGE, Corporation Counsel, CLARENCE N. BOORD, GEORGE M. BAGBY, and EMIL C. WETTEN, for appellants:

The ordinance was passed in the interest of the public health, has a plain and substantial relation thereto, and its provisions tend to promote and preserve the health of the inhabitants of the city. 22 Am. & Eng. Ency. of Law, (2d ed.) 922; *Beer Co.* v. *Massachusetts,* 97 U. S. 25; *Leisy* v. *Hardin,* 135 U. S. 100; *Chicago* v. *Netcher,* 183 Ill. 104; *In re Jacobs,* 98 N. Y. 98.

The ordinance is not invalid because it authorizes the creation of a monopoly. *Walker* v. *Jameson,* 140 Ind. 591; *Smiley* v. *McDonald,* 42 Neb. 5; *Reduction Co.* v. *Reduction Works,* 199 U. S. 306; *Gardner* v. *Michigan,* 199 id. 325.

JAMES TURNOCK, and ROBERT REDFIELD, (TOLMAN, REDFIELD & SEXTON, of counsel,) for appellee:

The grant to the city council of power to pass ordinances in the interest of the public health is limited by statute by the designation in the City and Village act of specific means to that end. Hurd's Stat. 1905, clauses 75-84, p. 302; *Huesing* v. *Rock Island,* 128 Ill. 465; *Potts* v. *Breen,* 167 id. 67; *Chicago* v. *Rumpff,* 45 id. 90.

Such grant is also limited at common law by the requirement that ordinances passed in the exercise of such

237—8

power shall be reasonable and not oppressive and not disproportionate to the end to be attained. *Chicago* v. *Rumpff*, 45 Ill. 90; *Tugman* v. *Chicago,* 78 id. 405; *Chicago* v. *Netcher,* 183 id. 104; Freund on Police Power, secs. 150, 179; *In re Jacobs,* 98 N. Y. 98; *Rendering Co.* v. *Behr,* 77 Mo. 91; *State* v. *Hill,* 126 N. C. 1139.

The ordinance herein is unreasonable and oppressive because it creates a monopoly. *Chicago* v. *Rumpff,* 45 Ill. 90; *Tugman; Chicago,* 78 id. 405; *In re Lowe,* 54 Kan. 75; *Iler* v. *Ross,* 64 Neb. 710.

It amounts to a taking of property without due process of law, by destroying the business of shipping manure as to all persons except the contractor under the ordinance, even where such business is now conducted in a manner entirely sanitary and harmless. *Chicago* v. *Rumpff,* 45 Ill. 90; *Chicago* v. *Netcher,* 183 id. 104; *Iler* v. *Ross,* 64 Neb. 710; *Underwood* v. *Green,* 42 N. Y. 140; *Rendering Co.* v. *Behr,* 77 Mo. 91; *Schoen Bros.* v. *Atlanta,* 97 Ga. 697; *Knauer* v. *Louisville,* 41 L. R. A. 219; *State* v. *Morris,* 47 La. Ann. 1660.

Mr. CHIEF JUSTICE CARTWRIGHT delivered the opinion of the court:

The circuit court of Cook county overruled the demurrer of the city of Chicago and its mayor and commissioner of health, the appellants, to the bill in equity of Christ Landberg, the appellee, for an injunction against the enforcement of an ordinance establishing stations for shipping manure from said city and giving the exclusive privilege of engaging in that business to any bidder whom the mayor and commissioner of health might choose to contract with. The defendants stood by their demurrer and the court entered a decree in accordance with the prayer of the bill. The defendants prayed an appeal, and the court certified that the validity of a municipal ordinance was in-

volved and the public interest required that the case be taken directly to this court. The appeal was allowed and the record certified to this court.

The material facts alleged in the bill and admitted by the demurrer are as follows: The complainant was engaged in the business of shipping manure from the city of Chicago from certain fixed places or stations on six different railroads and had been so engaged for about seven years, loading and shipping an average of forty cars per week. He had contracts with numerous persons and corporations, by which he was bound to remove, and did remove, from their premises, daily, all the manure that had accumulated. He had complied with all ordinances of the city, regulations of the department of health and orders of the commissioner of health pertaining to the conduct of his business and maintained the same in a sanitary condition, and never failed to have manure removed within the time required by the ordinances, rules and orders of the city and health department. On April 13, 1908, the city council passed the ordinance in question, providing that the commissioner of health should designate a requisite number of stations in the city, adjoining some railway or waterway, for the purpose of receiving and shipping manure which might be deposited at such stations. The ordinance divided the city into three divisions for the purposes of the ordinance, and authorized the commissioner to advertise for and receive bids for the exclusive privilege of establishing and maintaining such stations and shipping or removing manure therefrom. The bids were to be made separately for each division and accompanied by a certified check for $200 to secure the making of a contract, and the commissioner was authorized, with the approval of the mayor, to enter into a contract with some reliable and responsible bidder giving him the exclusive right to remove manure from such stations, saving to the owners of domestic animals the right to haul manure accumulating on their

premises to a point beyond the limits of the city, or to gardens, farms or lawns within the city, for fertilizing purposes, subject to rules and regulations to be made by the commissioner. The ordinance made it unlawful for any person, firm or corporation, other than the party to whom the commissioner should choose to award the contract, to use any of the stations, and it would effectually prevent any other person from engaging in the business of shipping manure, destroy complainant's business and compel him to violate his contracts.

A citizen has a right to pursue any lawful avocation which he may choose, subject only to such restrictions as are necessary for the protection of the public health, morals, safety and welfare. (*City of Chicago* v. *Netcher*, 183 Ill. 104.) To the farmer, manure is a valuable commodity, and the collection, shipping and sale of it is a perfectly legitimate business, in which the complainant was engaged, shipping about forty car-loads weekly from the city to the country. It is a business, however, which might be conducted in such a manner as to be offensive and injurious to the public health, and it is therefore a proper subject for municipal regulation. Municipal corporations may exercise such powers as are expressly conferred upon them and such as are necessary to carry into effect those expressly delegated, and the particular provision of the city charter under which it is thought the ordinance ought to be sustained is that which gives the city council power to do all acts and make all regulations which may be necessary or expedient for the promotion of health or the suppression of disease. The charter specifies a number of things which the city may do with the same general object in view, such as declaring what shall be a nuisance and abating it, directing the location of buildings or business which are or may be offensive and compelling the cleansing of unwholesome or nauseous places, but there is no provision for doing the specific thing attempted by this ordinance. If the legisla-

tive branch of the State government authorizes the passage by a municipality of an ordinance of a particular kind, requiring or prohibiting the doing of a specific thing, the judicial department cannot declare it unreasonable and on that ground set it aside, since such action would be a substitution of judicial judgment as to reasonableness for the legislative judgment on the same subject and would be an encroachment upon the legislative power, but if a general power is given to a municipal corporation to act on a particular subject, the courts assume that the legislative intent is that the power shall be exercised in a reasonable manner. If the legislature expressly authorizes the doing of a certain thing or the passage of an ordinance of a certain character, the courts can only declare it void if it is in conflict with the will of the people as expressed in the constitution, but where the authority is not expressly given, it is the duty of the courts to determine whether the general authority is reasonably exercised. The powers of municipal corporations are conferred for the benefit of the entire body of the inhabitants, and ordinances passed under a general power must be reasonable, and not vexatious, unequal or oppressive. (*City of Chicago* v. *Rumpff;* 45 Ill. 90.) The removing of manure from the city and the sanitary handling and proper care of the same while at shipping stations within the city have a substantial relation to the promotion of health and suppression of disease. Accumulations of manure may be fairly regarded as inimical to the public health, and no doubt the city may require the removal of the same, regulate the conduct of the business, prescribe penalties for the infraction of reasonable rules and regulations, require a license of persons proposing to engage in the business, and compel them to give adequate security for the observance of the ordinances and regulations of the city. It would subserve the health of the community to compel the removal of all manure within a specified time; to establish shipping stations at suitable places convenient

to railway or water transportation; to require security for obeying all proper regulations and to require the removal of the manure from the shipping stations within a limited time; but the provision for an exclusive privilege to one person upon his paying the amount bid therefor has no relation whatever to the authority conferred upon the city. The grant of a monopoly having no legitimate relation to the purpose to be accomplished by an ordinance is offensive and renders an ordinance unequal and unreasonable as between citizens.

There have been a number of cases where the grant of a monopoly for the removal of garbage, dead animals or other substances constituting a menace to public health have been sustained, but ordinances were expressly authorized by the charter of the city or the monopoly was essential to accomplish the intended purpose. In *Walker* v. *Jameson,* 140 Ind. 591, a contract of the city of Indianapolis clothed the contractor with the exclusive right and obligation to remove the garbage from the premises of all persons in said city and to transport the same through the streets thereof to the crematory. The contract fixed the price for removal of garbage and permitted the contractor to collect the same from the householder, and the question whether the contract was valid arose between a property owner and the contractor. It was expressly authorized by the charter. In *Smiley* v. *McDonald,* 42 Neb. 5, the suit was by a citizen and tax-payer of the city of Omaha to restrain the defendant from proceeding under a contract with the city providing for the removal of garbage, offal, night soil, dead animals, etc., from the city, and the contract was within the strict letter of the city charter. The same is true of the *Slaughter-house case,* as was pointed out in *Huesing* v. *City of Rock Island,* 128 Ill. 465. Cases of that character do not involve the question with which we are concerned in this case. The question here is whether an ordinance granting an exclusive privilege to some contractor who

will pay for it, with the effect of destroying the complainant's legitimate business, is reasonable. To hold it unreasonable does not impair the power of the city of Chicago in any respect to perform all its legitimate functions for the preservation of the public health, all of which may be performed without unreasonably interfering with individual rights.

Without considering other questions argued by counsel we must hold the ordinance void, as being an attempted unreasonable exercise of the general power given to the city to do all acts and make all regulations which may be necessary or expedient for the promotion of health or the suppression of disease.

The decree of the circuit court is affirmed.

*Decree affirmed.*