(No. 34113.—

Evelyn R. Wolford, Appellee, *vs.* The City of Chicago, Appellant.

*Opinion filed November 26, 1956.*

JOHN C. MELANIPHY, Corporation Counsel, of Chicago, (SYDNEY R. DREBIN, HARRY H. POLLACK, and HARRY A. COOPER, of counsel,) for appellant.

IRVING S. BERMAN, of Chicago, for appellee.

Mr. JUSTICE BRISTOW delivered the opinion of the court:

This is an appeal from a declaratory judgment of the circuit court of Cook County holding certain frontage consent ordinances of the city of Chicago to be invalid insofar as they apply to a parcel of real estate owned by Evelyn R. Wolford, the appellee. The court has certified that the validity of a municipal ordinance is involved and that the public interest requires the appeal to be taken to this court.

The property in question is zoned for "business" under the existing city zoning ordinance, a classification which permits its use for the operation of a gasoline service station. Appellee has, however, been prevented from utilizing her land for such purpose because of her failure to acquire the consent of adjoining property owners, as required by ordinances dealing with the conditions under which property may be used for a gasoline station, and under which tanks for the storage and sale of flammable liquids may be installed. The adoption of the frontage consent ordinances preceded the enactment of the zoning regulation which expressly provided that it was cumulative and not intended to nullify existing regulations on the subject matter. Appellee's complaint was based on alternative theories: (1) that the frontage consent ordinances were invalid as an unlawful delegation of the legislative power; (2) that the provisions of the zoning law nullified or replaced such ordinances; or (3) that the frontage consent ordinances are unreasonable and arbitrary in their application to the subject property. The judgment of the court granting relief to appellee is based upon the theory last stated and the

primary contention of the city on this appeal is that the court erred in this respect.

Appellee's property is vacant and is located at the northeast corner of Seventy-ninth Street and Cregier Avenue in the city of Chicago. It has a frontage of approximately 133 feet on Seventy-ninth Street and 100 feet on Cregier Avenue, with a 16-foot public alley abutting in the rear. Cregier does not intersect with Seventy-ninth Street and carries traffic only in a northerly direction; Seventy-ninth Street, on the other hand, has two-way traffic, which was described as heavy, and is serviced by public bus transportation. For approximately two blocks on either side of appellee's property, both sides of Seventy-ninth Street are being used for business purposes, which include several automobile parking lots, paint stores, dry cleaning shops, restaurants, drug stores, taverns and various specialty shops and offices. In many instances the upper floors of the buildings housing such businesses are used for residential purposes. North of the alley across the rear of appellee's premises, Cregier Avenue and the streets paralleling the alley are improved with buildings used for apartment and residential purposes.

From the facts detailed it is to be seen that the site of the proposed service station is within an area not only zoned for but also devoted to business purposes. Under circumstances both similar and comparable, this court has found that the building and operation of a gasoline station will not be inconsistent with the character of such a district, and have held frontage consent ordinances to be arbitrary and oppressive insofar as they prevented such a business on a site within the district. (*Koos* v. *Saunders,* 349 Ill. 442; *People ex rel. Deitenbeck* v. *Village of Oak Park,* 331 Ill. 406. Also compare *Spies* v. *Board of Appeals,* 337 Ill. 507.) The city seeks to distinguish the cited decisions on the basis that garages and other filling stations were located in the districts there under consideration. We

are of the opinion, however, that any distinctions are removed by the fact that the business district under consideration contains automobile parking lots, cleaning plants, paint stores, restaurants and other businesses which, in varying degrees, present traffic and safety hazards comparable to those attending the operation of a gasoline station. We agree with the court below, therefore, that the frontage consent ordinances in question are arbitrary and unreasonable in their application to appellee's property and that the operation of the proposed station would not be detrimental to the business district in question.

The result we have reached makes it unnecessary to treat upon the other points raised. For the reason stated the judgment of the circuit court of Cook County is affirmed.