(No. 35065.— )
Drovers Trust & Savings Bank, Trustee, Appellee, *vs.*
The City of Chicago, Appellant.

*Opinion filed May 22, 1959.*

John C. Melaniphy, Corporation Counsel, of Chicago, (Sydney R. Drebin, and James C. Murray, of counsel,) for appellant.

Deutsch & Peskin, of Chicago, (Earl A. Deutsch, and Bernard M. Peskin, of counsel,) for appellee.

Mr. Chief Justice Daily delivered the opinion the court:

Defendant, the city of Chicago, here appeals from a

declaratory judgment of the circuit court of Cook County that frontage consent ordinances relating to the construction and operation of a gasoline filling station are invalid in their application to a parcel of land owned by plaintiff, Drovers Trust & Savings Bank, Trustee. Although the trial court has not certified that the validity of a municipal ordinance is involved or that the public interest requires a direct appeal to this court, defendant has prosecuted such an appeal to this court under authority of *La Salle National Bank of Chicago* v. *County of Cook*, 12 Ill.2d 40, on the ground that constitutional issues are involved.

Plaintiff is the owner of a parcel of vacant property, approximately 126 by 109 feet, located on the northeast corner of South Pulaski Road and 49th Street, Chicago, upon which an oil company proposes to erect a gasoline filling station. A public alley abuts the property to the rear, and Pulaski Road, at the point where it passes plaintiff's property, is a four-lane arterial highway which carries a great volume of traffic. The property is just one block south of the triple intersection of Pulaski Road, Archer Avenue and 50th Street where abutting land is completely taken up with business and commercial uses, including four gasoline filling stations. To the south and north of plaintiff's property, along Pulaski Road, are various businesses and vacant lots; to the east and west, beyond Pulaski Road, are residential areas. St. Bruno's Church and School are located on South Harding Street, one block east of plaintiff's property, between 48th and 49th streets, while Edwards Public School is located on 49th Street an undisclosed distance west of Pulaski Road.

Under existing zoning regulations, plaintiff's property, as well as both sides of Pulaski Road in the immediate area, is zoned as a restrictive service district, a classification which permits some 46 business uses, among them being the operation of a gasoline filling station. However, other ordinances preclude the use of property as a gasoline filling

station unless all owners within an area of 150 feet give their consent to such a use. Of all the uses permitted in a restrictive service district, among them being auto accessory stores, dry cleaning establishments, fire stations, hotels and motels, laundries, police stations, parking lots, restaurants and taverns, it is only gasoline stations and garages which carry with them the additional burden of obtaining frontage consents.

According to evidence developed at the trial, a representative of the oil company attempted to secure the required frontage consents with respect to plaintiff's property but was unsuccessful. On the advice of some of the property owners he sought the assistance of the pastor of St. Bruno's Church and School, but was told by the latter that the neighbors in the area were against a service station because of the cross-walk traffic that might be generated during the periods children were going to and from school. In this regard several witnesses for defendant expressed an opinion that a gasoline station on plaintiff's premises would increase the traffic hazard to their children and one, based on a survey she had made during a school day, testified that approximately 250 children, from both the public and parochial school, cross the intersection at Pulaski and 49th several times each day. According to the witness all of the children proceeded by way of the northeast corner, adjacent to plaintiff's property, because a police officer stationed himself there during its use by school children. Still another witness for defendant told of counting 1,100 persons who crossed Pulaski Road at the intersection on a Sunday morning during the hours of services at St. Bruno's Church.

For the plaintiff the representative of the oil company speculated that only 1 percent of the filling station traffic would enter from 49th Street and a plan of the station, prepared by the oil company, reflects that 95 percent of area traffic is on Pulaski Road with but 5 percent on 49th

Street. The plan also shows that but one driveway is proposed on the 49th Street side, the width of which will be approximately 24 feet at the point where it intersects the sidewalk. It also appears that the company made a proposal, to which the pastor agreed, that any lease with an operator of the station would include a provision which would require the 49th Street drive to be blocked off during periods when the children were passing.

Based upon the foregoing facts and circumstances, substantially as related, the trial court found the frontage consent ordinances to be invalid in their application to plaintiff's property. Defendant has appealed insisting that the ordinances are a valid and reasonable exercise of the police power and, in this case, bear a substantial relation to the public safety and welfare.

In *Valkanet* v. *City of Chicago*, 13 Ill.2d 268, where past decisions were reviewed, it was concluded that frontage consent ordinances constitute an invalid delegation of the legislative power if the consent provisions permit a certain percentage of property owners to impose or create a restriction on their neighbor's property, but that such ordinances are within constitutional limitations if the consent provisions merely waive or modify a lawful and reasonable prohibition or restriction. Plaintiff concedes that the consent ordinances here involved are not an invalid delegation of the legislative power and even concedes that, in their general aspects, ordinances requiring frontage consents for the operation of a gasoline filling station are a valid exercise of the police power. It contends, however, as the trial court found, that the ordinances in this case are arbitrary and unreasonable in their application to plaintiff's particular property.

The facts of the case serve to bring it within our decisions in *Wolford* v. *City of Chicago*, 9 Ill.2d 613, and *Koos* v. *Saunders*, 349 Ill. 442, wherein comparable consent ordinances relating to the operation of a gasoline filling station

were held to be arbitrary and unreasonable in their application to certain property. Here, as in the cited cases, the defendant city has made a legislative determination through the medium of its general zoning plan that the operation of a filling station on plaintiff's property will not be inconsistent with, or incompatible to, the other business uses permitted in the zoning district. This aspect, as well as factual and ordinance differences, distinguishes the case from *City of Chicago* v. *Stratton,* 162 Ill. 494, and *People ex rel. Busching* v. *Ericsson,* 263 Ill. 368, upon which defendant relies. Conversely, in this case, there has been no legislative determination that a gasoline filling station is a nuisance *per se,* and there is neither contention nor proof that such a use will become a nuisance when operated in a business service area. The facts in evidence show that the zoning district in question is being devoted to the business uses for which it is zoned, including the operation of four gasoline filling stations within a block of plaintiff's property. Cf. *People ex rel. Deitenbeck* v. *Village of Oak Park,* 331 Ill. 406.

When it is considered too that permissive uses in the zoning district extend to police stations, fire stations, laundries, dry cleaning establishments, automobile parking lots and the like, no rational basis suggests itself to justify the imposition of the added burden of obtaining frontage consents only upon property sought to be utilized as a filling station or garage. There is no evidence here that the operation of such a station will create any greater hazards to public health and safety than those attending other uses permitted in the district.

Defendant contends, however, that the consent requirements are reasonable when applied to plaintiff's property because of the evidence which shows that the intersection of Pulaski and 49th streets is a busy one, and because of the opinion evidence that the station will increase the traffic hazard to school children as well as other pedestrians. Here

again, however, there is no basis for a discrimination against the proposed use of the plaintiff's property. The proof shows that land in the immediate vicinity of plaintiff's tract is being used for a drive-in restaurant, and for automobile parking lots for a grocery store and other business. Such uses, as well as the permissive uses of a fire station, police station and others for which plaintiff's property may be utilized without obtaining frontage consents, would create comparable if not greater traffic hazards than the operation of a gasoline station. We note too that while there is evidence of the pedestrian traffic which passes along 49th Street adjacent to plaintiff's property, there is no proof as to the amount of vehicular traffic and thus no basis for an opinion that a great amount of vehicles will utilize the 49th Street entrance to the station, or that the hazards will be any greater than those attending other driveways, including the public alley to the rear of plaintiff's premises.

On the record presented it is our opinion that the consent ordinances are arbitrary and unreasonable in their application to plaintiff's land, and that they serve to deprive plaintiff of its property without due process of law.

As a final contention defendant argues that plaintiff is not entitled to relief because it has failed to show that it will suffer an injury by reason of the restrictions imposed by the consent ordinances. Assuming, but not deciding, that effect upon property values is a proper element in determining the reasonableness of frontage consent ordinances, it is enough to point out that the evidence in such respect is conflicting and that the trial court, the trier of fact, has resolved that conflict for the plaintiff.

The judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*