(No. 38162.

First National Bank & Trust Co., Trustee, Appellee, *vs.*
The City of Evanston, Appellant.

*Opinion filed March 18, 1964.*

House, J., dissenting.

Jack M. Siegel, Corporation Counsel, of Evanston,
(Russell A. Behrens, Assistant Corporation Counsel, of
counsel,) for appellant.

Howard, Howard & Hofert, of Chicago, (Marshall
S. Howard, of counsel,) for appellee.

Mr. Justice Schaefer delivered the opinion of the
court:

This case involves the validity of the zoning ordinance
of the city of Evanston as applied to certain property held

in trust by the plaintiff, First National Bank & Trust Company. The property, which is a single corner lot at the intersection of Emerson Street and Ashland Avenue, is presently zoned for two-family residences. The beneficial owner entered into a contract to sell the property for use as a gasoline service station, a commercial use not allowed under the existing zoning classification. Plaintiff's application to obtain a variation permitting such use was denied, and in a declaratory judgment proceeding the circuit court of Cook County held the ordinance invalid as applied to the property in question. The court certified that the validity of an ordinance was involved and that the public interest required a direct appeal to this court, (Ill. Rev. Stat. 1961, chap. 110, par. 75,) and the defendant has appealed.

The changes in the jurisdiction of this court, and in its administrative responsibilities, that have been made by the amended judicial article of the constitution which became effective January 1, 1964, make it appropriate to examine the basis upon which the jurisdiction of this court upon direct appeal in zoning cases may be predicated. Under section 2 of the original judicial article of the constitution of 1870 this court was vested with comprehensive appellate jurisdiction. Section 11 of that article, however, authorized the General Assembly to create appellate courts "to which such appeals and writs of error as the general assembly may provide may be prosecuted from circuit and other courts." The General Assembly created appellate courts in 1877, and thereafter the distribution of appellate jurisdiction between this court and the appellate courts was a legislative function. (*People* v. *Watkins,* 19 Ill.2d 11.) Under the statutory scheme, insofar as is here directly relevant, jurisdiction of this court on direct appeal existed when the validity of a statute or a construction of the constitution was involved, and when the validity of a municipal ordinance or a county zoning ordinance was involved and the trial judge had

certified that in his opinion the public interest required a direct appeal. Ill. Rev. Stat. 1961, chap. 110, par. 75.

The legislative scheme of jurisdiction imposed a heavy load of mandatory appellate jurisdiction upon this court. In a host of instances the jurisdiction of this court upon direct appeal appeared to be a response to the desires of particular litigants and to bear no relationship to a rational scheme of distribution between the appellate courts and the Supreme Court. A lengthy list could be compiled, but cases involving the denial or revocation of barbers, beauticians and other licenses will suffice by way of illustration. Ill. Rev. Stat. 1961, chap. 16¾, pars. 14.90, 26h.

The purpose of the new judicial article seems clearly to have been to relieve this court of the bulk of its mandatory appellate jurisdiction and to establish instead a basic pattern of discretionary review of determinations of the Appellate Court. With respect to the jurisdiction of this court upon direct appeal, it provides: "Appeals from the final judgments of circuit courts shall lie directly to the Supreme Court as a matter of right only (a) in cases involving revenue, (b) in cases involving a question arising under the Constitution of the United States or of this State, (c) in cases of habeas corpus and (d) by the defendant from sentence in capital cases. Subject to law hereafter enacted, the Supreme Court has authority to provide by rule for appeal in other cases from the circuit courts directly to the Supreme Court."

This court has taken jurisdiction of cases involving the validity of zoning ordinances upon direct appeal, most frequently upon the certificate of the trial judge, but also in a great many cases in the absence of such a certificate, upon the ground that a construction of the constitution was involved. See *e.g. La Salle Nat. Bank* v. *County of Cook,* 12 Ill.2d 40; *Drovers Trust & Savings Bank* v. *City of Chicago* (1959) 16 Ill.2d 589, 590; *Illinois Nat. Bank & Trust*

*Co.* v. *County of Winnebago* (1961) 19 Ill.2d 487, 489; *Chicago Title and Trust Co.* v. *Village of Wilmette,* 27 Ill.2d 116, 117; *La Salle Nat. Bank* v. *City of Highland Park* (1963) 27 Ill.2d 350; *Treadway* v. *City of Rockford* (1963) 28 Ill.2d 370, 378.

The former statutory phrase, "construction of the Constitution" no longer appears, and jurisdiction upon direct appeal now exists "in cases involving a question arising under the Constitution of the United States or of this State." While this phrase is new in the distribution of appellate jurisdiction in Illinois, the expression "arising under this Constitution" appears in article III of the constitution of the United States and the phrase "arises under the Constitution or laws of the United States" appears in the Congressional grant of "federal question" jurisdiction to the federal district courts. (28 U.S.C.A. 1331.) Many subtleties have accumulated about the phrase "arises under" in the grant of federal-question jurisdiction to the federal district courts. (See *e.g., Tennessee* v. *Union & Planters' Bank,* 152 U.S. 454, 38 L. ed. 511; London, "Federal Question" Jurisdiction, 57 Mich. L. Rev. 835 (1959); Mishkin, The Federal "Question" In The District Courts, 53 Colum. L. Rev. 157 (1953).) Those subtleties need not be here explored. Without describing them in detail, it may be said with certainty that it was not the intention to incorporate them in the determination of the jurisdiction of this court upon direct appeal.

In view of the clear purpose of the new judicial article to curtail the mandatory jurisdiction of this court upon direct appeal, the interpretation that has been applied by the Supreme Court of the United States to the phrase in the exercise of its appellate jurisdiction is, however, relevant. That court has developed the concept of a "substantial" constitutional question as a criterion of its jurisdiction under this phrase. (Wolfson and Kurland, Jurisdiction of the Supreme Court of the United States, sec. 58;

Ulman and Spears, "Dismissed for Want of a Substantial Federal Question", 20 B.U.L. Rev. 501, (1940).) Although it has often been pointed out that the precise ingredients of the criteria applied by the Supreme Court of the United States in applying this concept are difficult to ascertain, it is nevertheless true that the "substantial question" concept has enabled the Supreme Court to focus attention upon major constitutional issues and has preserved its energies from dissipation upon a host of cases that lacked major constitutional significance and were of interest primarily to the immediate parties. While this inexact criterion is not an ideal jurisdictional standard, it is nevertheless helpful in determining whether or not a question as to the validity of a zoning ordinance, when applied to a particular parcel of property, merits direct review in the highest court of the State.

A zoning ordinance is a unique type of legislation in that it must be comprehensive in the sense that it applies to all property within the municipality, and yet the regulations it prescribes are not uniform. Instead they are by hypothesis selective, and differ from one parcel of property to another. In recognition of this unique quality of zoning ordinances a unique judicial technique has been evolved to deal with challenges to their validity. A zoning ordinance may be held invalid as to one parcel of property but that invalidity does not infect the ordinance as a whole. It remains valid as to all other parcels of property. Such a determination with respect to a single parcel of property is of interest primarily to one landowner and one municipality. And such a case can hardly be said to raise an issue that is substantial in the sense that it will have significant value as a precedent.

The ultimate issues to be determined in a typical zoning case are constitutional—whether the ordinance has violated due process or equal protection, or whether it has deprived the owner of his property without just compensation. These issues can not be resolved in a vacuum. Their determination

requires an analysis of the characteristics of the property in question and its relation to other property, and the evaluation of many factors that have been frequently enunciated in decisions of this court. (See *e.g., Treadway* v. *City of Rockford,* 28 Ill.2d 370.) Since this is the method by which the constitutionality of the ordinance as an exercise of the police power must be determined, heavy emphasis is necessarily placed upon the facts of each case. This characteristic of zoning cases has upon occasion led this court to transfer such cases to the Appellate Court, apparently upon the ground that only factual issues were involved. See *La Salle Nat. Bank* v. *County of Cook,* 12 Ill.2d 40, 48, (dissenting opinion); *American Smelting & Refining Co.* v. *City of Chicago,* 409 Ill. 99; *Village of Riverside* v. *Kuhne,* 397 Ill. 108; *Pollack* v. *County of Du Page,* 371 Ill. 199; *City of Chicago* v. *Iroquois Iron and Steel Co.* 361 Ill. 330; *City of Chicago* v. *Peterson,* 360 Ill. 177.

But as is indicated by the many decisions heretofore cited in which this court has taken jurisdiction of such cases, solely on the ground that they involved a construction of the constitution, these cases do not express the view that has prevailed. It is true with the due process clause, as with the other great generalities of the constitution, that decision must ultimately turn upon an evaluation of specific facts. But it is not an ordinary determination of historical fact that is involved, but rather a blend of fact and constitutional law. So it is, for example, with a coerced confession, *People* v. *Spencer,* 27 Ill.2d 320, with obscenity, *American Civil Liberties Union* v. *City of Chicago,* 3 Ill.2d 334; *People* v. *Richmond County News, Inc.* 9 N.Y.2d 578, 175 N.E.2d 681, 682; *Zeitlin v. Arnebergh,* 31 Cal. Reptr. 800, 383 P.2d 152 with the reasonableness of a search and seizure, *People* v. *Watkins,* 19 Ill.2d 11, and a host of other issues. Indeed a contrary holding would eliminate all cases involving issues of substantive and procedural due process. See Karst, Legislative Facts in Constitutional Litigation,

1960 Sup. Ct. Rev. 75; *cf. Schuringa* v. *City of Chicago, post,* 504.

It does not necessarily follow, however, from the fact that there is an underlying constitutional issue in every case in which there is a challenge to the validity of a zoning ordinance as applied to a particular parcel of property, that a substantial question arising under the constitution is presented in such a case. There is first the question of municipal power to enact the particular provision. The authority of a city or village to enact a zoning ordinance is subject to the following limitation: "In all ordinances passed under the authority of this Division 13, due allowance shall be made for existing conditions, the conservation of property values, the direction of building-development to the best advantage of the entire municipality and the uses to which the property is devoted at the time of the enactment of such an ordinance." (Ill. Rev. Stat. 1961, chap. 24, par. 11—13—1.) This grant of power, like others of a general nature, is subject to the implied limitation that its exercise shall be reasonable. (*Cf. Dean Milk Co.* v. *City of Chicago,* 385 Ill. 565; *Harmon* v. *Village of Arthur,* 309 Ill. 95; *Village of Westville* v. *Rainwater,* 294 Ill. 409; *Catholic Bishop of Chicago* v. *Village of Palos Park,* 286 Ill. 400; McQuillin on Municipal Corporations, 3d ed., sec. 18.03.) The limitation is inherent in the broad terms of the authority granted. It is not feasible, of course, for the General Assembly to spell out in detail the kinds and character of property to which each restriction may properly be applied. Instead power has been granted in general terms, excluding by implication any authority to exercise it where its application would be arbitrary or capricious. As was pointed out in *Landberg* v. *City of Chicago,* 237 Ill. 112, 117, "if a general power is given to a municipal corporation to act on a particular subject, the courts assume that the legislative intent is that the power shall be exercised in a reasonable manner."

Of course there will be zoning cases that question the validity of particular provisions of the enabling statute, or that involve the use of new and unfamiliar techniques. A case of this type, that presents novel and substantial constitutional issues of concern to every community in the State, will sustain a direct appeal to this court. But a case such as this one, involving only the application of a zoning ordinance to a particular parcel of property does not, in our opinion, present such a substantial question arising under the constitution of the United States or this State as will justify a direct appeal to this court. Upon appeal to the Appellate Court the question of the authority of the municipality to apply the questioned provision of the ordinance to the particular property involved can be determined, as well as the reasonableness of the ordinance when so applied, and if warranted, there may be further review in this court. The underlying constitutional issues are not waived by an appeal to the Appellate Court. See Rule 28—1,D.

The cause is transferred to the Appellate Court, First District.

*Cause transferred.*

Mr. JUSTICE HOUSE, dissenting.