THE CITY OF PERU, Plaintiff-Appellee, *v.* MARTHA K. NIENABER, Defendant-Appellant.—(STUART W. DUNCAN, Trustee, *et al.*, Defendants.)

Third District    No. 80-469

Opinion filed July 14, 1981.

James McPhedron, of Anthony C. Raccuglia & Associates, of Peru, for appellant.

Douglas J. Schweickert, of Helmig & Schweickert, of Peru, for appellee.

Mr. JUSTICE STOUDER delivered the opinion of the court:

Plaintiff City of Peru filed a complaint for injunctive relief alleging certain zoning violations by defendants Martha K. Nienaber, Stuart W. Duncan, her attorney in fact, and unknown owners. After a hearing on the merits, the circuit court of La Salle County enjoined certain uses of the subject property but did not order its structural alteration as requested. Plaintiff does not cross-appeal.

The facts are uncontroverted. The subject property is a two-story building located in an "R-3 Single and Two Family Residence District" pursuant to the Zoning Ordinance of the City of Peru. (Peru, Ill., Ordinance 1699 (Aug. 25, 1971).) The second story of the structure is occupied and consists of a kitchen, bedroom, sewing room, living room, and bathroom. The first story is also occupied and consists of a kitchen, three bedrooms, living room, bathroom, and foyer. The basement has been

remodeled into two rooms, each with portable cooking facilities, a bath, and a bed. Each basement room requires a separate key to be opened which does not provide access to the first or second stories. Various occupants of the basement rooms paid separate security deposits and rent to defendants' managing agent, and one room has its own mail box. The building has a total of three mail boxes. None of the basement occupants was related to, nor in any manner associated with, occupants of the first or second stories, or with one another.

On or about January 11, 1979, Zoning Inspector George M. Billard personally inspected the premises and discovered three alleged zoning violations. Billard concluded that the building contained four dwelling units housing three families and also had inadequate off-street parking, a conclusion not here involved. The trial court agreed the zoning configuration permits only two families and two dwelling units in a single building. Presented for our review is the question of whether roomers, boarders, or permanent guests must maintain a common household with other members of a family in order to be considered a member of the family under the ordinance.

■■ In construing a zoning ordinance, effect should be given to the intention of the drafters by concentrating on the terminology, its goals and purposes, the natural import of words used in common and accepted usage, the setting in which they are employed, and the general structure of the ordinance. (*Pioneer Trust & Savings Bank v. County of Cook* (1978), 71 Ill. 2d 510, 377 N.E.2d 21.) The ordinance at bar defines a family as follows:

> "FAMILY: One person or two or more persons each related to the other by blood, marriage, or legal adoption, or a group of not more than four persons not all so related, together with his or their domestic servants, maintaining a common household in a dwelling unit. A family may include, in addition thereto, not more than two roomers, boarders, or permanent guests—whether or not gratuitous."

Defendants argue that while members of a family must maintain a common household by virtue of the express language in the definition's first sentence, the absence of similar language in the second eliminates this requirement for roomers, boarders, or permanent guests.

As neither party advances any definition of the latter three terms from the subject ordinance, we begin with their common and accepted usage. A roomer is a lodger, one who rents a room or rooms in a house. (Black's Law Dictionary 1494 (4th ed. 1951).) A boarder is one who makes a special contract for food with or without lodging. (Black's Law Dictionary 220 (4th ed. 1951).) Permanent means fixed, continuing, lasting, stable, enduring, abiding, or not subject to change. (Black's Law Dic-

tionary 1297 (4th ed. 1951).) A guest is a person entertained for pay at an inn, or hotel on the general undertaking of the keeper thereof. (Black's Law Dictionary 835 (4th ed. 1951).) As no contract for food is here involved, basement occupants are not boarders. As payers of rent for a room, they could be roomers in some sense and could conceivably be permanent guests; however, so characterizing the basement occupants is not dispositive of the issue before us.

■■ While the occupants may well be roomers, they are defendants' roomers as they pay rent to defendants' managing agent to rent a room in defendants' house. As to the other occupants of the building, there is no basis to sustain a similar status. The ordinance herein provides a family may include two roomers. As the basement occupants are not roomers of any other occupant of the residence, it follows that they similarly are not members of the families of the other occupants. Therefore, they are necessarily members of a third family, which is violative of the ordinance.

■■ The ordinance further defines a dwelling unit as follows:

"DWELLING UNIT: One or more rooms which are arranged, designed, or used as living quarters for one family only. Individual bathrooms and complete single kitchen facilities permanently installed to serve the entire family, shall always be included within each 'dwelling unit.' "

While the presence of individual baths and cooking facilities may imply that the basement rooms are arranged or designed as dwelling units, the presence of a third family in a room indicates use as a dwelling unit. As no more than two dwelling units are permitted within the building's zoning configuration, this is also violative of the ordinance.

■■ The decision of a trial court in a zoning case will not be disturbed unless against the manifest weight of the evidence. (*Pioneer Trust & Savings Bank v. County of Cook* (1978), 71 Ill. 2d 510, 377 N.E.2d 21.) As the evidence supports a ground for the court's decision, that result will be sustained. *Monarski v. Greb* (1950), 407 Ill. 281, 95 N.E.2d 433.

Accordingly, the order of the circuit court of La Salle County is affirmed.

Affirmed.

ALLOY and BARRY, JJ., concur.