LUBAVITCH CHABAD HOUSE OF ILLINOIS, INC. *et al.*, Plaintiffs-Appellees, *v.* THE CITY OF EVANSTON, Defendant-Appellant.—(Mary Clare Hendershot *et al.*, Intervening Defendants-Appellants.)

First District (3rd Division)   No. 81—633

Opinion filed December 30, 1982.—Rehearing denied February 24, 1983.

Jack M. Siegel, of Chicago, for appellant City of Evanston.

Robert S. Atkins, of Chicago, for appellant Mary Clare Hendershot.

Ash, Anos, Freedman & Logan, of Chicago (Joseph Ash, George J. Anos, and Lawrence M. Freedman, of counsel), for appellees.

JUSTICE RIZZI delivered the opinion of the court:

This is a declaratory judgment action brought by plaintiff, Lubavitch Chabad House of Illinois, Inc., an Illinois general not-for-profit corporation, against defendant, city of Evanston. Plaintiff sought a judgment declaring that Evanston should have allowed its application for a special use permit relating to certain property located in Evanston. Fourteen neighborhood property owners were permitted to intervene as defendants. The trial court found that plaintiff met all of the requirements for the issuance of a special use permit as set forth in Evanston's zoning ordinance, and that the denial of plaintiff's application for a special use permit constituted an impediment to the free exercise of religion as guaranteed by the first amendment to the United States Constitution. The trial court entered judgment in favor of plaintiff based upon its findings. We affirm.

Plaintiff is a religious body which observes, teaches and practices strict orthodox Judaism, including the observance of the rites and traditions of kashrut and the Sabbath as formulated in the Torah and Talmud. It owns a two-story building on property with a frontage of 40 feet and a depth of 220 feet at 2014 Orrington Avenue, in Evanston, Illinois. Plaintiff proposes to use the premises as a religious sanctuary. Primarily, plaintiff intends to serve Jewish students at Northwestern University, which is in close proximity and has, according to plaintiff's witnesses, about 2,000 Jewish students.

Plaintiff's services would include rabbinical counseling, group discussions and worship services on the Sabbath and Jewish holidays. Also, plaintiff would provide a limited number of sleep-in accommoda-

tions for Northwestern University students who do not reside within walking distance of the property. These sleep-in accommodations would be provided only on the Sabbath and Jewish holidays when all travel other than pedestrian travel is prohibited for strict orthodox Jews. There would not be a daily kitchen in operation on the premises, but kosher meals would be served to students participating in services on the Sabbath. Plaintiff would preclude more than 30 persons from taking part in worship services on the premises, which would be in accordance with an applicable provision of Evanston's zoning ordinance.

Plaintiff was informed by Evanston's Department of Inspections and Permits that its intended use of the property constituted a church as defined by the applicable zoning ordinance and, as such, it required a special use permit. A special use permit application was filed, and a full factual hearing was conducted by the zoning board of appeals. The zoning board of appeals found that plaintiff's proposed use met the requirements of Evanston's zoning ordinance, and it voted 4 to 1 in favor of granting plaintiff's application for a special use permit. The zoning board of appeals' recommendation was forwarded to the city council. The city council did not conduct a factual hearing, but it voted to overrule the recommendation of the zoning board of appeals by a vote of 12 to 6, and it denied plaintiff's application for a special use permit. A motion to reconsider the denial was defeated by a vote of 10 to 9, with the vote of the mayor being used to break the tie vote of the aldermen.

A trial was had in the circuit court at which both sides introduced extensive testimony and exhibits. The evidence establishes that to the west of the subject property is a multifamily condominium building with 40 apartment units. On the adjacent south side of the property is Canterbury House, an Episcopalian facility. Approximately a block and a half north of the property is Lutheran House, a Lutheran facility. At 1935 Shermer Avenue, which is one block west and approximately one block south of the property, is Hillel House, a Jewish facility.

Canterbury House has year-round boarders. There was testimony that worship services are held and brunches are available for students of the Episcopalian faith. On occasion, large gatherings are held on the lawn. Lutheran House has weekly Sunday worship services, which are followed by a coffee hour and brunch. Other activities include Tuesday night study sessions, Wednesday night seminars and Sunday night dinners. Lutheran House is open from 9 a.m. to midnight. Hillel House, which operates under the auspices of the Hillel Foundation,

conducts various social events and has some discussion group activities. It does not have a resident rabbi. Some worship services are conducted at Hillel House, but they are not the same strict orthodox worship services that are held by plaintiff.

Several months before plaintiff's application for a special use permit was filed, Evanston approved a special use permit for the Hillel Foundation to operate a synagogue and rabbinical counseling facility at 2001 Orrington Avenue, which is across the street to the southeast of the subject property. However, the Hillel Foundation decided not to acquire the building, and the zoning board of appeals subsequently allowed the structure to be converted into two attached single-family dwellings. The Hillel Foundation's activities are unlike plaintiff's activities in that plaintiff observes, teaches and encourages strict orthodox observance of Hasidic rites, practices and customs, while the Hillel Foundation is association with the worship, practices, customs and social aspects of Judaism generally.

Except for evidence relating to plaintiff's strict orthodox religious rites, practices and customs, the evidence at trial was typical of evidence that is found in zoning cases. This evidence included contradictory testimony as to the highest and best use of the property, the uses of property in the surrounding areas, the trend of development in the area, and the loss to plaintiff if the special use permit were denied as compared to the purported injury to the nearby properties if the permit were granted. This contradictory evidence is insufficient to demonstrate that the trial court's finding that plaintiff's application for a special use permit complied with Evanston's zoning ordinance was improper. Where, as in this case, the testimony is contradictory, the weight to be accorded the testimony is a matter to be determined by the trier of fact, and the findings of the trier of fact are not to be disturbed unless they are against the manifest weight of the evidence. See *City of Peru v. Nienaber* (1981), 97 Ill. App. 3d 925, 927, 424 N.E.2d 85, 87; *Stanek v. County of Lake* (1978), 60 Ill. App. 3d 357, 361, 376 N.E.2d 743, 747; *First National Bank v. County of Cook* (1977), 46 Ill. App. 3d 677, 683, 360 N.E.2d 1377, 1382.

■ Under the circumstances, we conclude that the trial court's finding that plaintiff met "all of the requirements for the issuance of a special use permit as set forth in the Zoning Ordinance of the City of Evanston" is not against the manifest weight of the evidence, and that the finding was proper and should not be disturbed.

■ We next address defendants' contention that the judgment should be reversed because it is based on the trial court's improper finding that the denial of plaintiff's application for a special use per-

mit constituted an impediment to the free exercise of religion. In support of this contention, defendants state that the "City's sole interest [in denying plaintiff's application] was to preserve the integrity of the Zoning Ordinance and the fine single-family character of the area in question." Defendants also state that "[t]his case is a simple zoning case in which the plaintiff happens to be a religious organization." In effect, defendants argue that we should disregard the fact that the right which defendants seek to restrict is the free exercise of religion. However, we believe that we cannot overlook this fact because the standard of judicial review for this case is determined by the nature of the right assertedly threatened or violated rather than the power being exercised or the specific limitation being imposed. (*Schad v. Borough of Mount Ephraim* (1981), 452 U.S. 61, 68, 68 L. Ed. 2d 671, 680, 101 S. Ct. 2176, 2182.) In this regard, it is plain that the impact of Evanston's refusal to grant plaintiff's petition for a special use permit prevents plaintiff from the free practice of religion at this particular location, and so serves in some degree to limit the free exercise of religion. (See *Columbus Park Congregation of Jehovah's Witnesses, Inc. v. Board of Appeals* (1962), 25 Ill. 2d 65, 71, 182 N.E.2d 722, 725.) Thus, defendants' argument that we should ignore the fact that the right which defendants seek to restrict is the free exercise of religion is without merit.

■ Of course, the location of churches and other religious sanctuaries can be regulated by zoning ordinances in proper cases. (See *South Side Move of God Church v. Zoning Board of Appeals* (1977), 47 Ill. App. 3d 723, 365 N.E.2d 118; *Coston Chapel A.M.E. Church v. Chaddick* (1972), 9 Ill. App. 3d 321, 292 N.E.2d 215; *St. James Temple of the A. O. H. Church of God, Inc. v. Board of Appeals* (1968), 100 Ill. App. 2d 302, 241 N.E.2d 525.) However, in determining whether this is a proper case for such a restriction, we must take into account that the right of freedom of religion, and other first amendment freedoms, rise above mere property rights. In addition, first amendment rights and freedoms far outweigh considerations of public inconvenience, annoyance or unrest. *Columbus Park Congregation of Jehovah's Witnesses, Inc. v. Board of Appeals* (1962), 25 Ill. 2d 65, 71, 182 N.E.2d 722, 725, citing *Terminiello v. Chicago* (1949), 337 U.S. 1, 4, 93 L. Ed. 1131, 1134, 69 S. Ct. 894, 896.

■ Here, the trial court specifically found that plaintiff's proposed use meets all of the requirements for the issuance of a special use permit as set forth in Evanston's zoning ordinance. Thus, based on this finding, there was no proper reason to deny plaintiff's application for a special use permit. Yet, plaintiff's application was denied.

Under the circumstances, we cannot overlook the fact that there are other religious facilities in the immediate area offering services similar to those proposed by plaintiff. The only apparent difference between plaintiff's proposed use and the uses made by the other religious associations is that plaintiff would use its facility to practice and teach strict orthodox observance of Hasidic practices and customs, and the other religious associations are using their facilities to practice and teach what the community may view as more palatable practices and customs. As the trial court stated in its memorandum opinion:

> "The evidence clearly infers that the defendant City is not concerned with lot lines, requirements, side yard, front yard and rear yard sizes, off street parking, number of occupants and other land use restrictions applicable to real property regardless of ownership. Rather the evidence infers that the real fear of the defendant City and intervenors is that the plaintiff will use its property to permit the plaintiffs to practice their ancient religion in the way they have conducted it for the past centuries, i.e. serving of kosher meals on high holidays to students at Northwestern, leaving those students stay overnight where their religious beliefs demand such and other practices."

This discredits defendants' statements that the "City's sole interest [in denying plaintiff's application] was to preserve the integrity of the zoning ordinance" and that "[t]his case is a simple zoning case in which the plaintiff happens to be a religious organization." Moreover, after seeing and hearing all the witnesses and the evidence, the trial court specifically found that Evanston's denial of plaintiff's application "constitutes an impediment to the practice of Orthodox Jewish faith as practiced by members of Plaintiff and its followers ***," in violation of their rights under the first amendment to the Constitution of the United States. For these reasons, we believe that there is no merit to defendants' contention that the denial of a special use permit at this location was not an infringement of plaintiff's right to freedom of religion.

Accordingly, we conclude that the findings of the trial court were proper, and we affirm the judgment in favor of plaintiff.

Affirmed.

McNAMARA and McGILLICUDDY, JJ., concur.