OUR SAVIOUR'S EVANGELICAL LUTHERAN CHURCH OF NAPER-
VILLE, Plaintiff-Appellant, v. THE CITY OF NAPERVILLE, Defendant-
Appellee.

Second District No. 2—88—0996

Opinion filed August 1, 1989.

John F. Philipchuck, of Dommermuth, Brestal, Cobine, Roth & West, of
Naperville (Craig J. Cobine, of counsel), for appellant.

Ancel, Glink, Diamond, Murphy & Cope, P.C., and Judith N. Kolman, of

Joseph, Susman & Myers, both of Chicago (Marvin J. Glink, of counsel), for appellee.

Walter C. Ramm, of Wilmette, for *amicus curiae* Metropolitan Chicago Synod of the Evangelical Lutheran Church.

John W. Pleta, of Stinespring, Lambert, Schroeder & Associates, of Chicago, for *amicus curiae* Northern Illinois Annual Conference of the United Methodist Church.

JUSTICE NASH delivered the opinion of the court:

Plaintiff, Our Saviour's Evangelical Lutheran Church of Naperville (Church), appeals from a declaratory judgment that defendant, the City of Naperville, lawfully rejected the Church's request for a conditional-use permit to add property to its parking lot.

A trial was held in this action where plaintiff sought declaratory judgment and injunctive relief against Naperville. At the close of the Church's case, the court entered a directed finding for defendant as to count II of the Church's complaint on the ground that sufficient evidence had not been presented to show that the classification of the Church's property as a conditional use was a denial of equal protection of the law under the Illinois and United States Constitutions. At the conclusion of the trial, the court held for defendant under plaintiff's count I, finding that the Church failed to meet its burden of presenting clear and convincing evidence to sustain its allegations that the refusal of Naperville to grant a conditional use for the parking lot was arbitrary, capricious, and unreasonable.

On appeal, the Church contends that (1) Naperville's refusal to grant a conditional use of the property for a church and religious school parking lot was arbitrary, capricious, and unreasonable; and (2) the classification of such use of the church property as conditional was unconstitutional. We find the first argument to be dispositive and need not address the Church's second argument. *Family Christian Fellowship v. County of Winnebago* (1986), 151 Ill. App. 3d 616, 618, 503 N.E.2d 367.

Our Saviour's Evangelical Lutheran Church of Naperville is an Illinois not-for-profit corporation which owns and operates a church and a school for Christian education in the City of Naperville and adjacent to the subject property. The Church has been at its present location since 1957 and fronts on Washington Street, the principal north/south thoroughfare in Naperville, and is several blocks south of the down-

town central business district. The north line of the Church property abuts the Edward Hospital complex, and the south and west lines of the Church property abut single-family residential homes in the same subdivision. The Church originally acquired and improved approximately 135,000 square feet of land and, in 1980 and 1981, two lots improved with single-family residences at the corner of Washington Street and Robin Hill Drive, and adjoining the Church property, were purchased by it, adding approximately 20,000 square feet of land to the church complex.

At the time the Church first acquired property at that location, Naperville's zoning ordinance allowed churches as permitted uses in the R-1 district in which it was located. In January 1980, Naperville adopted a new zoning ordinance in which the Church property and its subdivision are classified as R1A low density single-family residence district. Elementary, junior and senior high schools, golf courses, parks, playgrounds, forest preserves, and single-family detached dwellings are all permitted uses in the R1A district. Religious institutions, civic buildings, nursery schools, preschools and day-care centers, planned unit developments, public and private utility facilities, swim and tennis clubs not-for-profit and senior citizens' group homes are conditional uses which may be permitted in the R1A district.

Each week there are four religious services in the church, one on Saturday evening and three on Sunday morning. There are three church school classes held at the same time as the Sunday services, and classes are also held on Wednesday evening for young adults. There are also Tuesday night adult classes, and the Church has approximately 10 choirs that rehearse in the building during the week. The adult education program involves several hundred adults, and there are 500 to 600 children through grade six and another 100 to 200 children who participate in the religious educational program. Weddings and funerals take place throughout the week as needed, and the Church facility is also used for individual counseling by the pastors. A number of community organizations regularly use the Church for meetings throughout the week, rent-free.

In 1985, a 17,000-square-foot addition was made to the church building, and Naperville then granted the Church a permit for this new construction. Approximately 6,000 square feet of the structure now serves as a sanctuary, providing seating for 520 people, another 6,000 square feet is used for administration purposes and the balance of the 34,000-square-foot structure is used for educational purposes. In 1985, the parking lot was also expanded by the addition of 15 parking spaces. The Church has plans for another major building addition

on the site of 12,000 to 14,000 square feet, which will include an expansion of the Church entrance and the addition of a fellowship hall, and is expected to be built in 1990.

The record discloses that at the time the Church was first located at that place it had approximately 100 members and in 1988 membership was approximately 2,900; there are currently 191 car parking spaces on the site, which is inadequate to meet the peak time parking demands. In March 1986, the Church filed an application with Naperville for the conditional use by a religious institution of the two adjoining lots containing single-family residences acquired in 1980 and 1981 as an additional parking area which would provide approximately 57 new parking spaces. In April 1986, the Naperville planning commission by a vote of 4 to 3 recommended that the conditional use requested be granted so as to permit additional parking, subject to the elimination of access onto Robin Hill Drive. In June 1986, however, the Naperville city council denied the Church's application for the conditional use, and this action subsequently ensued.

■ Factors to be considered in determining the validity of a zoning decision are: (1) the existing uses and zoning of nearby property; (2) the extent to which property values are diminished by the particular zoning restrictions; (3) the extent to which the destruction of property values of plaintiff promotes the health, safety, morals, or general welfare of the public; (4) the relative gain to the public as compared to the hardship imposed upon the individual property owner; (5) the suitability of the subject property for the zoned purposes; and (6) the length of time the property has been vacant as zoned considered in the context of land development in the area in the vicinity of the subject property. (*La Salle National Bank v. County of Cook* (1957), 12 Ill. 2d 40, 46-47, 145 N.E.2d 65.) The court must also determine whether the proposed use complies with all of the standards of the ordinance in question. (*La Salle National Bank*, 12 Ill. 2d at 46.) The standards for granting a conditional use under the Naperville Zoning Ordinance are set forth in its section 6—3—8—2, which provides:

"2.1. The establishment, maintenance or operation of the conditional use will not be detrimental to, or endanger the public health, safety and general welfare; and

2.2. The conditional use will not be injurious to the use and enjoyment of other property in the immediate area for the purposes already permitted, nor substantially diminish and impair the property values within the neighborhoods; and

2.3. The establishment of the conditional use will not impede the normal and orderly development and improvement of

the adjacent property for uses permitted in the district." Naperville, Ill., Municipal Code tit. 6, Zoning Regulations (Jan. 1980).

The Church contends that the proposed conditional use for parking and the site plan for the lots met all the requirements of the Naperville Municipal Code and complied with all recommendations of the Naperville planning staff and planning commission. At trial, an expert witness called by the Church testified that the additional parking lot would have no effect on property values in the neighborhood, as it was an extension of an existing use, and would not impede the orderly improvement, development and enjoyment of adjacent property for the uses permitted in the district. A second expert, a city planning and zoning consultant, testified on behalf of the Church that if built in accordance with plans submitted, the parking lot would not be injurious to the public or to the use and enjoyment of other property, and would not impede the development and improvement of property in the area.

Naperville argues that the evidence supports the city council's denial of the conditional-use permit and the findings that the property values within the area of the proposed parking lot would be diminished; the granting of the conditional-use permit would be injurious to the use and enjoyment of the surrounding property; and that the parking lot would be an intrusion into a well-established residential neighborhood.

The Naperville city planner testified that the existing land use, the comprehensive plan, the surrounding land uses, the impact of the proposed use on the immediate area and the setting of precedent for other areas were all taken into consideration in determining whether the application should be approved. However, she also testified that she had never expressed any objections to the concept of the parking lot until asked to testify against it, and stated that the landscaping for the proposed parking lot was in accordance with ordinance requirements and that every recommendation, suggestion and criterion of the Naperville planning staff had been complied with by the Church.

Residents from the neighborhood where the Church is located testified they were concerned about the visual aspects of the proposed lot, property values, and safety. There was also concern about the fact that the Church is located at an entrance to the subdivision and that the new parking lot would reduce the attractiveness of the entranceway. Neighbors feared the possible future expansion of the Church if this expansion was allowed, and Naperville officials expressed concern

that allowing this use might start a trend with other churches similarly situated.

Naperville introduced the testimony of real estate appraisers who stated that, with regard to the home immediately adjacent to the proposed parking lot, there would be a minimal negative value impact of from 2% to 7% or 2% to 3%, and that properties across the street would receive a negative impact of 1% to 2% in value. However, diminution in value of nearby property does not necessarily justify denial of a conditional use. (*Jeisy v. City of Taylorville* (1980), 81 Ill. App. 3d 442, 450, 401 N.E.2d 627.) Here, there is some conflicting evidence as to the possibility of diminution, and the trial court did not specifically find that the diminution in value of neighborhood residences justified the denial of the conditional use.

Naperville argues that need is a factor that may also be considered in deciding whether to allow a conditional use (*Cech Builders, Inc. v. Village of Westmont* (1983), 118 Ill. App. 3d 828, 833, 455 N.E.2d 817) and that there is a written agreement between the Church and nearby Edward Hospital for shared parking on hospital property which should be sufficient for any overflow parking requirements. However, whether or not any type of contractual parking agreement currently exists has no bearing on whether the Church has the right to use its land as it chooses. Similarly, Naperville's argument that the Church only needs the parking spaces during periods of high attendance begs the question of the Church's right to use its property. Additionally, the city ordinance relating to conditional uses does not require a showing of need as a condition of granting the use.

The trial court found that the defendant's act of denying the use of the church property for additional parking for its parishioners did not place a limitation on the free exercise of religion and, therefore, the Church would be held to a standard of clear and convincing proof of the issues. The court further found under that standard that the Church had failed to overcome the presumption of the validity of the city ordinance and entered judgment for defendant.

■■ There is a presumption that Naperville's zoning ordinance is valid, and it can only be overcome by clear and convincing proof that the ordinance has been applied in an arbitrary and unreasonable manner that bears no substantial relation to the public health, safety, and welfare. (*Tomasek v. City of Des Plaines* (1976), 64 Ill. 2d 172, 179-80, 354 N.E.2d 899.) However, a presumption of validity diminishes when the impact of the zoning decision limits the free exercise of religion, and, where the decision of the city council has to do with the free exercise of religion, it is not necessary for the church to produce evi-

dence by clear and convincing proof. *Family Christian Fellowship v. County of Winnebago* (1986), 151 Ill. App. 3d 616, 619, 503 N.E.2d 367.

The trial court determined here that even though the need for a conditional use for the subject premises arose from the intent of persons parking there to attend the church, the denial of parking did not limit the Church members from the practice of their religion in this location and did not serve to limit the free exercise of religion, finding that the Church had not stated a claim under the establishment or free exercise clauses of the constitution. The court thus found that denying the Church additional parking space was not a limit upon the free exercise of religion, and, based on the analysis of the court in *Family Christian Fellowship*, it applied a standard of clear and convincing proof upon the Church in establishing the issues. However, in *Family Christian Fellowship*, this court did not hold that a church must state a cause of action under the establishment or free exercise clauses of the constitution, but noted that the strong presumption of validity accorded to a municipal ordinance is significantly diminished when the impact of a zoning decision in some way limits the free exercise of religion. In *Family Christian Fellowship* (151 Ill. App. 3d at 622), and *Columbus Park Congregation of Jehovah's Witnesses, Inc. v. Board of Appeals* (1962), 25 Ill. 2d 65, 72, 182 N.E.2d 722, cases in which parking was among the issues discussed by the courts, neither court suggested that the parking needs of a church should be considered on different legal principles than those applied to the church building itself.

■ The location of a church can be regulated by zoning ordinances in proper cases; however, in determining whether this is a proper case for such a restriction, we must take into account that the freedom of religion, and other first amendment freedoms, rise above mere property rights. In addition, first amendment rights and freedoms outweigh considerations of public inconvenience, annoyance, or unrest. (*Lubavitch Chabad House of Illinois, Inc. v. City of Evanston* (1982), 112 Ill. App. 3d 223, 227, 445 N.E.2d 343.) We find that the trial court erred in its conclusion that the denial of a conditional-use permit at this location was not an infringement of the Church's right to freedom of religion and in its imposition of a clear and convincing standard of proof upon plaintiff.

■ The nature of the conditional use does not make the issuance of a permit mandatory upon compliance with statutory standards. Rather, when a conditional use is proposed, a legislative body must make an independent determination that the particular use in the pro-

posed location is designed in such a way as to be compatible with the surrounding area. Each case of this kind must be decided on its own facts and circumstances. (*La Salle National Bank v. County of Kendall* (1977), 55 Ill. App. 3d 219, 224, 370 N.E.2d 1283.) An applicant for a conditional-use permit has the burden of proving that the proposed use meets all the standards required by the controlling zoning ordinance. (*Hope Deliverance Center, Inc. v. Zoning Board of Appeals* (1983), 116 Ill. App. 3d 868, 872, 452 N.E.2d 630.) On the evidence here presented, we find that the Church met the standards of the Naperville conditional-use ordinance and that the denial of the conditional-use permit for the addition to the Church parking area does not bear a real and substantial relation to the public health, safety, or general welfare and was against the manifest weight of the evidence. For these reasons, the judgment of the circuit court is reversed, and the cause is remanded to it with directions to order the issuance of the conditional-use permit for parking purposes.

Reversed and remanded.

INGLIS and WOODWARD, JJ., concur.