(No. 38141.—

MAURICE J. LAZARUS *et al.*, Appellees, *v.* THE VILLAGE OF NORTHBROOK, Appellant.

*Opinion filed June 18, 1964.*

House, J., and Klingbiel, C.J., specially concurring.

Frederic O. Floberg, of Chicago, for appellant.

Deutsch & Peskin, of Chicago, (Bernard M. Peskin and Arthur J. Baer, Jr., of counsel,) for appellees.

Mr. Justice ·Schaefer delivered the opinion of the court:

The circuit court of Cook County held that the zoning ordinance of the Village of Northbrook, as applied to the plaintiffs' property, violated the constitutions of Illinois and of the United States, and the Village has appealed directly

to this court. Although the case involves the validity of a municipal zoning ordinance as applied to a particular parcel of property, we have retained jurisdiction because a unique constitutional issue has been presented. *Cf. First National Bank & Trust Co.* v. *City of Evanston,* 30 Ill.2d 479.

The plaintiffs' complaint was captioned "Complaint at Law for Declaratory Judgment." The Village filed a demand for a trial by jury, but its demand was stricken upon the plaintiffs' motion, and the case was tried before a judge. The Village contends that it has been deprived of its constitutional right of trial by jury. It bases that contention upon paragraph (4) of section 57.1 of the Civil Practice Act, which states: "If a proceeding under this section involves the determination of issues of fact triable by a jury, they shall be tried and determined in the same manner as issues of fact are tried and determined in other civil actions in the court in which the proceeding is pending." Ill. Rev. Stat. 1963, chap. 110, par. 57.1.

Section 5 of Article II of the Constitution provides that "The right of trial by jury as heretofore enjoyed, shall remain inviolate; * * *." What this provision guarantees is the right to trial by jury as it existed in common law actions when the constitution was adopted. There was then and there is now no constitutional right of trial by jury in equity. (*Fisher* v. *Burgiel,* 382 Ill. 42, 55.) There may, of course, be disputed issues of fact in a declaratory judgment action. When a declaration alone is sought, and no further relief is requested, the right to a trial by jury must be determined by an examination of the disputed issues and an appraisal of their predominant characteristics as indicating the appropriateness of legal or equitable relief. But when, as is ordinarily the case, relief in addition to the naked declaration of rights is sought, the nature of that relief determines the right to a trial by jury.

Although the complaint in this case was designated in the caption as a complaint at law, such a designation, re-

quired by Rule 9 of the rules of this court as a matter of administrative convenience, does not finally determine the right to a trial by jury. The complaint contained a prayer for injunctive relief. It is the position of the Village that the equitable relief thus sought was "ancillary" to the relief sought by way of declaratory judgment. This position is unsound. It assumes that the "optional, alternative remedy," by way of declaratory judgment, first authorized by statute in this state in 1945, has somehow come to dominate traditional forms of equitable and legal relief, and to alter the constitutional right to trial by jury. A somewhat similar contention was rejected in *Kupsik* v. *City of Chicago,* 25 Ill.2d 595. The Village was not deprived of its constitutional right of trial by jury. *American Civil Liberties Union* v. *City of Chicago,* 3 Ill.2d 334, 352-3.

The plaintiffs are contract purchasers of a 2½ acre tract located between Skokie Boulevard and Edens Highway, about a mile north of Dundee Road, in the Village of Northbrook. The eastern frontage of the tract is on Frontage Road, an access road abutting Edens Highway, and the western frontage is on Skokie Boulevard. A portion of the tract, facing Frontage Road, is occupied by the Eden View Convalescent Home. A new motion picture theater and its parking area adjoin the tract on the south. The Toll Road overpass crosses Edens Highway and Skokie Boulevard immediately south of the theater. A bowling alley adjoins the tract on the north, and further north on the east side of Skokie Boulevard are a restaurant, a liquor store, a motel and restaurant and a summer theater. The Northbrook Nursing Home is located directly across from the tract on the west side of Skokie Boulevard. Uses to the north of the Northbrook Nursing Home on the west side of Skokie Boulevard include several restaurants, a night club under construction and a tavern. South of the Northbrook Nursing Home are a garage, a liquor store, a few offices and more restaurants.

Upon this tract the plaintiffs desire to build a three-story, 134-bed hospital, with facilities for parking 212 cars. Under the Northbrook Zoning Ordinance certain uses including public buildings, public utility distribution centers, "hospitals, clinics, nursing homes," airports, cemeteries and other uses, have been placed in a residual category of special uses. They may be permitted in any zone upon approval by the village board of trustees after a public hearing before the village plan commission. In this case the commission conducted a hearing and found that the proposed hospital would not have any depreciating effect upon surrounding property and would not be incompatible with uses in the neighborhood. It recommended that a special use permit be granted. The board of trustees rejected this recommendation and denied the special use permit. The trial court found that the proposed hospital would not be incompatible with the uses in the area and would have no depreciating effect upon other property. It held that the application of the ordinance to the plaintiffs' property was arbitrary, unreasonable and unconstitutional, and it enjoined the defendant from enforcing its provisions.

At the outset the plaintiffs argue that the special use provisions of the ordinance are not authorized by statute and are therefore void, so that they are entitled to build the hospital whether or not the village board's refusal of the special use permit was arbitrary and unreasonable. In *Kotrich* v. *County of Du Page,* 19 Ill.2d 181, this court held that the county zoning enabling act authorizes the utilization of the special use technique as a means of land use control. Our opinion in that case noted that such a technique would enable zoning authorities to deal more effectively with uses which "can not be categorized in any given use zone without the danger of excluding beneficial uses or including dangerous ones." (*Cf. Gorieb* v. *Fox,* 274 U.S. 603, 607, 71 L. ed. 1228.) The special use technique has also been sustained when it was employed by cities and villages, and

we have described it as "a permissible drafting method in a proper case." (*Columbus Park Cong.* v. *Board of Appeals of Chicago,* 25 Ill.2d 65, 70.) This construction of the applicable statutes has been adhered to in many cases. (*Ward* v. *Village of Skokie,* 26 Ill.2d 415; *Camboni's Inc.* v. *Du Page County,* 26 Ill.2d 427; *Hartung* v. *Village of Skokie,* 22 Ill.2d 485, 497.) Attempts to induce the General Assembly to prohibit the special use technique have not succeeded. See H.B. 650, H.B. 651, 73rd General Assembly.

But because we adhere to the construction of the zoning statutes that was adopted in *Kotrich* v. *County of Du Page,* 19 Ill.2d 181, it does not follow that the special use technique may be employed with respect to all land uses. As we stated in the *Kotrich* case, the technique was developed "as a means of providing for infrequent types of land use which are necessary and desirable but which are potentially incompatible with uses usually allowed in residential, commercial and industrial zones. Such uses generally occupy a rather large tract of land. They can not be categorized in any given use zone without the danger of excluding beneficial uses or including dangerous ones. A typical example was presented in *Illinois Bell Telephone Co.* v. *Fox,* 402 Ill. 617, where this court affirmed a judgment ordering a special use permit to issue for construction of a telephone exchange in a residential district." (19 Ill.2d at 184-5.)

In our opinion a hospital may appropriately be included in a residual category of special uses. It may generate a large amount of traffic and may exert either a favorable or an unfavorable effect upon adjoining properties. Because of these and other considerations, hospitals have been erected, as the record in this case shows, in a variety of zones, and typically a hospital is among the uses reserved for individual supervision by the zoning authorities. See 48 Ill. Bar Journal 488, 489.

Nevertheless, the denial of a special use permit must bear a "real and substantial relation to the public health,

safety, morals or general welfare." (*Columbus Park Cong. v. Board of Appeals of Chicago*, 25 Ill.2d 65, 71.) In the present case both the plan commission and the trial court found that a hospital would not be incompatible with other uses in the neighborhood and would not have an adverse effect upon them. The evidence clearly supports those findings and it need not be reviewed in detail. The record is devoid of proof that a hospital would cause a depreciation in the value of adjacent properties. Two of the buildings closest to the plaintiffs' land are the Northbrook Nursing Home and the Eden View Convalescent Home, both of which were recently constructed. Under the 1950 zoning ordinance, nursing homes have been classified in the same category as hospitals and are subject to the same special use restrictions. It is hard to understand how the proposed hospital can be incompatible with the uses in the area while the two nursing homes are not.

Other considerations are advanced to support the action of the village board in overruling the plan commission and denying the permit, but they are not persuasive. The fact that there may be a preference for a hospital that is publicly owned and financed, whereas the proposed hospital will be privately owned, is not a proper concern of zoning officials. (See, *Catholic Bishop of Chicago v. Kingery*, 371 Ill. 257.) So too the fear of potential economic disadvantage to other hospitals is not a permissible consideration. It is contended that there is no "need" for a hospital in Northbrook. It is not necessary now to determine whether they may ever be circumstances that would justify a municipality in using its zoning power to prevent excessive overdevelopment of one particular use which would prejudice, not competing establishments, but the community as a whole. In this case the record does not support the claim of lack of need. The Illinois State Survey and Plan for the Construction of Hospitals, published by the Department of

Health, shows that the Northbrook area has in fact one of the highest priorities of need in the entire state.

Finally, there remains the fact that the plaintiffs' property is zoned in the "G" Industrial zone in which parking is not permitted in the front yard. Almost all of the adjacent land, however, is developed for what are classified as "E" shopping uses under the ordinance, and front yard parking is permitted in an "E" shopping district. The record shows that front yard parking is permitted with respect to adjacent properties, and we are of the opinion that the trial court properly held that the plaintiffs "have a right to construct a three-story hospital of approximately 134 beds on the subject property without regard to the prohibition against parking in the front yard setback, which setback shall be no more than is required of the uses of property abutting the subject site."

The judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*

Mr. JUSTICE HOUSE, specially concurring:

The majority opinion illustrates the fallacy that special use techniques can be confined to unique situations. In *Kotrich* v. *County of Du Page,* 19 Ill.2d 181, it was conceded that granting a special use was an *ad hoc* determination, and it was recognized that unlimited application of the device would undermine the protection contemplated by the statute. In an attempt to cushion the impact, it was there said: "Only those infrequent uses which are beneficial, but potentially inconsistent with normal uses in the various zones, need by included." Therefore, in *Hartung* v. *Village of Skokie,* 22 Ill.2d 485, motels were prohibited in any zoning district by the ordinance except by special permit; in *Columbus Park Congregation* v. *Board of Appeals,* 25 Ill.2d 65, churches were similarly treated as were motels

in *Ward* v. *Village of Skokie,* 26 Ill.2d 415; and in *Camboni's, Inc.* v. *County of Du Page,* 26 Ill.2d 427, trailer parks were permitted in B-4 (commercial) districts, but only by special permit. This case, involving locating a hospital only by special use appears to be the ultimate in misuse of the device. How hospitals, which normally are permitted in any zoning district, can be placed in an "unusual" or "unique" or "infrequent" use category is beyond my perception. It is noteworthy that while in the *Hartung, Columbus Park* and *Ward* cases the ordinances provided for construction only by special permit, the ordinance in each case was stricken down as invalid by this court.

In view of the history of misuse of the special use technique since *Kotrich,* I urge that we reappraise our position. As pointed out in my dissents in *Kotrich* and *Camboni's* and Mr. Chief Justice Klingbiel's special concurring opinion in *Ward,* the enabling statute does not authorize this kind of procedure and consequently no safeguards are available. If we continue to approve special uses, which are nothing more or less than spot zoning, the entire structure and purpose of zoning may fall.

Mr. CHIEF JUSTICE KLINGBIEL joins in this concurrence.