City of Girard, an Illinois Municipal Corporation, Plain-
tiff-Appellee, v. Girard Egg Corporation, a Delaware
Corporation Licensed To Do Business in Illinois, De-
fendant-Appellant.

**Gen. No. 10,832.**

Fourth District.

September 28, 1967.

Rehearing denied October 25, 1967.

McGrady & Madden, of Gillespie, for appellant.

Phelps, Russell & Boyle, of Carlinville (Kenneth R. Boyle, of counsel), for appellee.

CREBS, J.

The City of Girard brought an action for violation of ordinances and to enjoin a public nuisance. After hearing, defendant was perpetually enjoined from operating its business within the City of Girard. This appeal followed.

■ The defendant, Girard Egg Corporation, had previously successfully defended a criminal charge of maintaining a public nuisance. It contends that the finding of not guilty in the criminal case is determinative of this case under the doctrine of res adjudicata. The difference in the quantum of proof required in criminal and civil cases is sufficient answer to the claim of res adjudicata. Furthermore, even a finding in a civil suit that the defendant was not maintaining a public nuisance in 1963 would not be decisive of the question of whether or not it was maintaining a public nuisance in 1966.

■ Appellant contends it was improperly denied a trial by jury. The gist of this action was a suit in equity to enjoin a public nuisance. The judgment of the court was that the injunction should issue. There is no right to a jury trial on the question of whether or not an injunction shall be granted. Lazarus v. Village of Northbrook, 31 Ill2d 146, 199 NE2d 797.

The principal contention of appellant appears to be that this was a private rather than a public nuisance.

While there was a conflict in the testimony of the witnesses concerning the operation of the Girard Egg Corporation and its effect on persons in the neighborhood, the trial court has the basic responsibility of determining this conflict.

Numerous witnesses testified for the City that the operation of the Girard Egg Corporation caused foul and obnoxious odors in their homes, particularly in warm weather; that they had been bothered with large quantities of flies attracted to the neighborhood by reason of the operation of the egg business; that on occasion chunks of manure were spilled into the street by trucks coming from the Girard Egg Corporation; and that on occasions some of them became nauseated and ill. The trial court heard and observed all the witnesses and, as evidenced by its judgment, found the testimony of plaintiff's witnesses worthy of belief. The trial court further found that the Girard Egg Corporation was unable or unwilling to correct the situation when given an opportunity to do so. There is competent evidence to support this finding.

The ordinances in question provide that a chicken house which shall remain in an offensive or unwholesome condition, or keeping poultry in a place which becomes nauseous, foul, or offensive, shall be a nuisance.

We find no basis to disturb the trial court's finding that the operation of the Girard Egg Corporation was a public nuisance under the ordinances.

Injunction is a proper remedy to abate a public nuisance. City of Chicago v. Fritz, 36 Ill App2d 457, 184 NE2d 713.

Appellant also contends that Ordinance No. 455 is unconstitutional. Count III of the complaint which contained the only reference to this ordinance was stricken on appellant's motion before hearing. No cross appeal was

taken as to this action; hence this ordinance is not involved in this appeal.

Finding no error judgment is affirmed.

CRAVEN, P. J. and TRAPP, J., concur.