FOSTER AND KLEISER, DIVISION OF METROMEDIA, INC., Plaintiff-Appellee, *v.* ZONING BOARD OF APPEALS OF THE CITY OF CHICAGO *et al.*, Defendants.—(ZONING BOARD OF APPEALS OF THE CITY OF CHICAGO *et al.*, Defendants-Appellants.)

First District (5th Division)   No. 61355

Opinion filed April 23, 1976.

William R. Quinlan, Corporation Counsel, of Chicago (Daniel Pascale and Edmund Hatfield, Assistant Corporation Counsel, of counsel), for appellants.

Burke and Weber, of Chicago (Thomas T. Burke, Robert J. Weber, and William E. Ryan, of counsel), for appellee.

Mr. JUSTICE SULLIVAN delivered the opinion of the court:

Defendants appeal from an order of the circuit court reversing the Zoning Board of Appeals' denial of plaintiff's application for a special use. The issue presented for review in the trial court and here is whether the action of the Zoning Board was against the manifest weight of the evidence.

The record reflects that plaintiff had leased the roof of a building located at One East Ohio Street, in Chicago, for the purpose of erecting a billboard. This property was zoned B7-6 (Restricted Central Business) which permitted rooftop advertising signs but limited their height to 50 feet above curb level. The sign industry, including plaintiff, had a standard sign size of 14 feet by 48 feet throughout the country. Because of the height of the parapet wall on the roof involved here, it was necessary that plaintiff's sign be elevated to a height of 59 feet above curb level in order that it be completely visible from the street. As this use was not a permitted use under the Chicago zoning ordinance (Municipal Code of Chicago 1973, ch. 194A, par. 8.9—7), plaintiff applied for a special use (Municipal Code of Chicago 1973, ch. 194A, par. 8. 4—7[1].) The Zoning Administrator denied the application and an appeal was taken to the Zoning Board. Three neighbors and the Greater North Michigan Avenue Association filed objections to the special use application, while the City of Chicago Department of Development and Planning recommended that the application be approved.

---

[1] An identical request for a special use by plaintiff had been denied in 1969.

At a public hearing held by the Zoning Board, an expert witness testified for plaintiff that, in his opinion, the erection of an outdoor sign in the area would not have an injurious effect on surrounding property values. Specifically, he testified that the granting of a special use to erect the rooftop sign to a height of 59 feet would have no effect on the value of property in this area.

In general, the evidence offered by the objectors was that the proposed special use would be an eyesore which would adversely affect development in the area. The executive director of the Greater North Michigan Avenue Association labeled the rooftop billboard as incompatible with the development progress of recent years in the immediate area. He also stated that the special income derived from the rooftop lease would discourage desirable new construction on the subject property, and he called attention to Federal and State legislation banning billboards within several hundred feet of interstate highways. An attorney for the American Medical Association, which owns property in the adjoining area, stated that its objections were similar to those of the Greater North Michigan Avenue Association and that the rooftop sign would impair development of its property. The owner of a hotel adjacent to the subject property objected to the proposed use on the grounds that the sign would be unattractive and would constitute a traffic hazard by diverting the attention of motorists on Ohio Street, a heavily trafficked arterial route from the Kennedy Expressway. Burhop's seafood store, a ground floor occupant, stated its objection as follows:

> "We would like to go on record as apposing [sic] the proposed billboard to be constructed on top of our premises at 545 North State Street (13 East Ohio Street Building).
> Burhop's has been located at the corner of State and Ohio for forty-six years and is understandably sensitive to the appearance of the area. We hose down our sidewalk twice a day, and repaint the store front twice a year.
> Ohio Street has become an important "front door" to visitors [sic] of our city, and is used by many prominent people such as our Presidents, the Astronauts and others who arrive from O'Hare Airport for parades and festivities in the Loop area. The overall appearance of this street should be kept as attractive as possible."

Following this hearing, the Zoning Board denied the application for a special use. Plaintiffs then filed a complaint for administrative review and the circuit court reversed the decision of the Board without opinion. Defendants have brought this appeal from that order.

OPINION

The burden of proof of an applicant for a special use is established by section 11.10—4 of the Chicago Zoning Ordinance, which provides:

"11.10—4 *Standards*. No special use shall be granted by the Zoning Board of Appeals unless the special use:

(1) a. Is necessary for the public convenience at that location;

b. Is so designed, located and proposed to be operated that the public health, safety and welfare will be protected; and

(2) Will not cause substantial injury to the value of other property in the neighborhood in which it is to be located; and

(3) It is within the provisions of 'Special Uses' as set forth in rectangular boxes appearing in Articles 7, 8, 9, and 10: and

(4) Such special use shall conform to the applicable regulations of the district in which it is to be located."

In the review of an administrative decision, the findings of the agency are considered to be prima facie correct (Ill. Rev. Stat. 1975, ch. 110, par. 274) and may not be reversed by a reviewing court unless they are against the manifest weight of the evidence. *Kohout v. Civil Service Com.*, 28 Ill. App. 2d 388, 171 N.E.2d 683.

Our review of the record persuades us that plaintiff did not sustain its burden of proof and that the denial of the special use by the Zoning Board was not against the manifest weight of the evidence.

■■ The first element of proof required of plaintiff was that the special use "Is necessary for the public convenience at that location * * *." (Chicago Zoning Ordinance, section 11.10—4(1).) Plaintiff correctly contends that this phrase does not mean "absolutely necessary" but, rather, that it should be construed to mean "expedient" or "reasonably convenient" to the public welfare. *(Illinois Bell Telephone Co. v. Fox*, 402 Ill. 617, 631, 85 N.E.2d 43, 51.) However, the record discloses no evidence that the proposed special use is in any manner in the public interest. Rather, it appears to us that the only evidence presented by plaintiff was that the rooftop sign would be in its own commercial interest. This is not sufficient to meet its statutory burden of proof that the proposed special use be necessary for the public convenience.

■■ Plaintiff argues that its burden in this regard is satisfied by the fact that the Illinois legislature has found outdoor advertising to be a legitimate commercial use of property. (Ill. Rev. Stat. 1973, ch. 121, par. 501.) However, it does not necessarily follow that any use or, more specifically, that the use in question is necessary for the public convenience merely because outdoor advertising may be a legitimate use of property. Neither do we accept plaintiff's argument that its public convenience burden was satisfied by the evidence that "the property is a prime location for advertising" and because "the sign would be located in a zoning district where advertising and rooftop signs are permitted and existing." We feel that this evidence reflects only that the location is expedient for plaintiff's own commercial advantage.

■■ Plaintiff also suggests that we should not consider the public convenience issue, stating:

> "The Zoning Board did not find that plaintiff failed to meet its burden in this regard. Nor was this argument made in the Circuit Court. Therefore, it cannot be raised for the first time in this Court."

The resolution of the Zoning Board stated that the application for a special use was being denied because "there was not adequate proof that the proposed use would not cause substantial injury to the value of other property in the neighborhood." We do not believe, however, that we are limited to considering only the grounds stated in the resolution. Rather, in determining whether the decision of the Zoning Board was against the manifest weight of the evidence, we will consider whether there was any basis in the record on which its order could be sustained. *W. F. Smith & Co. v. Lowenstein,* 4 Ill. App. 3d 153, 280 N.E.2d 547.

■■ As we have stated above, plaintiff failed to meet its burden of proof that the proposed rooftop billboard was reasonably necessary for the public convenience, and we are of the opinion that this failure was an adequate basis for the denial of the application for a special use. Because this conclusion is dispositive of this appeal, we need not consider whether plaintiff's application for a special use was otherwise sufficient.

■■ Plaintiff argues further that the trial court properly reversed the Zoning Board because the Chicago Zoning Code, which defines outdoor advertising signs over 50 feet in height as a special use, is unconstitutional as applied to the subject property. It is not necessary to address the merits of this contention, since the issue is not properly before this court. The record reflects that the constitutionality of the Zoning Code was not raised before the Zoning Board or the circuit court. Consequently, plaintiff may not raise this issue for the first time on appeal. *Saladino v. City of South Beloit,* 9 Ill. 2d 320, 137 N.E.2d 364.

For the reasons stated, it is our conclusion that the decision of the Zoning Board was not against the manifest weight of the evidence.

The order of the circuit court reversing the decision of the Zoning Board of Appeals is reversed.

Reversed.

LORENZ, P. J., and BARRETT, J., concur.