RACITH CORPORATION, Plaintiff-Appellee, *v.* THE ZONING BOARD OF APPEALS *et al.*, Defendants-Appellants.—(WILLIAM PARKER *et al.*, Defendants.)

First District (4th Division)    No. 80-816

Opinion filed April 23, 1981.

Stanley J. Garber, Corporation Counsel, of Chicago (Robert R. Retke, Assistant Corporation Counsel, of counsel), for appellants.

Jerome H. Torshen, Ltd., of Chicago (Jerome H. Torshen and David S. Dordek, of counsel), for appellee.

Mr. JUSTICE JOHNSON delivered the opinion of the court:

Defendants appeal from an action under the Administrative Review Act (Ill. Rev. Stat. 1977, ch. 110, par. 264 *et seq.*). The circuit court of Cook County entered judgment setting aside the decision of the Zoning Board of Appeals (hereafter zoning board) which denied plaintiff's application for a special use. From that judgment, defendants appeal. We reverse.

Defendants contend that (1) plaintiff failed to prove the proposed use would meet the standards specified by the zoning ordinance and (2) on administrative review, the trial court is limited to ascertaining whether the findings and decision of the zoning board are against the manifest weight of the evidence.

Racith Corporation, a family-owned corporation, investigated sites for a motel. It found a site for the motel at 68th Street and Ashland Avenue, in Chicago. The zoning at that location is C1-2, a general commercial district, which allowed the construction of the motel without a special use permit. The site consisted of eight parcels; contracts were entered into for purchase of five of the eight parcels by October 31, 1978. On March 23, 1979, plaintiff corporation entered into a contract to acquire the remaining three parcels.

On March 7, 1979, the city council passed an ordinance modifying the zoning law. The new law permitted motels in areas zoned C1-2 only as a

special use. (Municipal Code of Chicago 1979, ch. 194A, art. 9.4—1.) The permitted uses are shooting galleries, animal pounds, cartage and express facilities, poultry slaughtering, service garages, laundries, and others.

Plaintiff applied to the zoning board for a special use permit. It proposed to construct a 43-unit motel which would cost approximately $500,000. The motel would employ 18 to 22 persons. There would be no restaurant facilities, bar, or cocktail lounge in the motel.

A public hearing was held before the four members who comprised the zoning board. In support of its application, plaintiff submitted the testimony of three witnesses. R. J. Harla testified that he is an architect and prepared the plans for the construction of the 43-unit motel. His plans were for a structure which would provide for parking and sleeping accommodations only. There would be a protective 6-foot redwood fence around the lower level. The building itself would extend to the corner of 68th Street and front along Ashland Avenue. A two-way driveway off Ashland Avenue would provide access.

Rutherford Wilson testified that he is a Chicago police officer and part owner of two motels on the south side of the city. Wilson is president of plaintiff corporation and also one of its owners, along with his three sisters. He chose this site because there were no motels in the Englewood area and the location was suitable for the motel business. He indicated there was a total of eight lots on the site. He had already acquired five of the eight lots when he discovered that the ordinance had been amended to require a special use permit for a motel. The motel would not have any recreational facilities. Presently, the site is vacant.

Plaintiff's final witness was Terrence O'Brien, a real estate appraiser and broker consultant. His testimony primarily concerned the area in which the proposed project would be located; that area is commonly known as Englewood. The uses within the immediate vicinity of the subject property are varied. East and west of Ashland Avenue are primarily structures of brick and/or frame construction consisting of single-family and multifamily residences. On the main thoroughfare from Ashland to Wood are, for the most part, one- and two-story brick struc-tures for commercial and business uses. O'Brien testified that the uses on the adjoining property along Ashland Avenue are primarily of a business and commercial nature, except for the property immediately to the north which is of a residential type. In his opinion, if the special use is granted, it would not have an adverse effect on the community but would add to the city and community as a whole. The motel would act as a catalyst to attract new business investment to the area.

Several witnesses testified before the zoning board in opposition to the granting of the special use permit. Alderman Frank Brady testified that local businessmen and residents had responded negatively to the

application for the special use. The immediate residents signed a petition opposing construction of the motel.

Three residents, William Parker, Alfonso Smith, and Evangelist Connie Crawford, testified that a motel in the neighborhood would be contrary to the goals of the community.

James R. McCann testified that he had lived in the subject community for 25 years; that he is a real estate broker and consultant. He believed the motel was not so designed, located, and proposed to be operated that the public health, safety and welfare would be protected. He further believed that the motel would cause substantial injury to the value of other properties in the neighborhood. McCann stated that he moved from the subject area two years ago. In his opinion, the highest and best use for that particular site would be one in which stores are located on the first floor with apartments above.

On July 27, 1979, after hearing all of the evidence, the zoning board denied the application for a special use by a 2-to-2 vote. Thereafter, plaintiff filed its complaint for administrative review. The circuit court, on administrative review, set aside the decision of the zoning board, thereby granting plaintiff a special use permit. This appeal followed.

Defendants contend plaintiff failed to prove that the proposed use would meet the standards specified by the zoning ordinance for the issuance of a special use permit. The Chicago zoning ordinance (Municipal Code of Chicago 1979, ch. 194A, art. 11.10—4) enumerates the following standards which must be satisfied before the zoning board is authorized to grant a special use permit:

> "No special use shall be granted by the Zoning Board of Appeals unless the special use:
>> (1) a. Is necessary for the public convenience at that location;
>> b. Is so designed, located and proposed to be operated that the public health, safety and welfare will be protected; and
>> (2) Will not cause substantial injury to the value of other property in the neighborhood in which it is to be located; and
>> (3) It is within the provisions of 'Special Uses' as set forth in rectangular boxes appearing in Articles 7, 8, 9, and 10; and
>> (4) Such special use shall conform to the applicable regulation of the district in which it is to be located."

■■ The language of the ordinance is in the conjunctive. Therefore, an applicant for a special use permit has the burden of proving that the proposed use meets all of the standards required by the ordinance. (*Mile Square Service Corp. v. City of Chicago Zoning Board of Appeals* (1976),

42 Ill. App. 3d 849, 856, 356 N.E.2d 971, 976-77.) However, the failure of the applicant to adduce sufficient evidence to fulfill one or more requirements of the special use ordinance will not necessarily result in the denial of the proposed use if such prohibition does not bear a real and substantial relation to the public health, safety, morals or general welfare (*Lazarus v. Village of Northbrook* (1964), 31 Ill. 2d 146, 199 N.E.2d 797), and if there is no adverse effect on adjacent properties. *Kraegel v. Village of Wood Dale* (1973), 10 Ill. App. 3d 486, 294 N.E.2d 64.

In the instant case, the zoning board denied plaintiff's application because the proposed use did not conform to the zoning ordinance nor did plaintiff satisfy the prerequisite standards for granting a special use permit. Commissioner Thomas Kapsalis of the department of planning, city and community development recommended that the application be denied because of the inconvenience to the residents of the area and the resulting substantial injury to the value of other property in the neighborhood. In addition, neighborhood residents testified that a motel in that area would fall prey to prostitution and narcotics. The objectors also introduced into evidence a petition signed by 130 residents in opposition to the special use permit. Furthermore, the zoning board's denial of the application bore a substantial relation to the public health, safety, morals or general welfare of the neighborhood. A school is located proximate to the subject site. As defendants' witnesses revealed, the safety of school-age children passing by the driveway could be jeopardized. Moreover, the presence of a motel in a residential neighborhood was strongly opposed by the community.

After carefully reviewing the record, we are not persuaded to disturb the zoning board's decision. Our examination of the record compels us to conclude that plaintiff failed to establish its entitlement to a special use permit pursuant to the applicable standards of the Chicago zoning ordinance.

Defendants' final contention is that on administrative review the trial court is limited to ascertaining whether the findings and decision of the zoning board are against the manifest weight of the evidence. Further, the zoning board is vested with broad powers in determining the suitability of a site for a proposed special use.

Section 11 of the Administrative Review Act (Ill. Rev. Stat. 1979, ch. 110, par. 274) provides that the administrative agency on questions of fact shall be held to be prima facie true and correct. It is not within the province of a court to disturb the findings of fact made by the administrative agency unless they are against the manifest weight of the evidence. *Roosevelt Memorial Hospital v. Chaddick* (1970), 131 Ill. App. 2d 82, 87, 266 N.E.2d 755, 759.

On administrative review, the court's function is limited to ascertain-

ing whether the findings and decision of the administrative agency are against the manifest weight of the evidence. A reviewing court may examine the findings to determine whether they are supported by the evidence. If there is competent evidence to support the findings, the decision will be affirmed. *St. James Temple of the A. O. H. Church of God, Inc. v. Board of Appeals* (1968), 100 Ill. App. 2d 302, 309, 241 N.E.2d 525, 528.

*La Salle National Bank v. County of Cook* (1957), 12 Ill. 2d 40, 145 N.E.2d 65, referred to by the trial court, is inapplicable. In *La Salle*, the supreme court set forth factors to be considered in determining the validity of an ordinance. Plaintiff was not challenging the Chicago zoning ordinance's validity. On the contrary, plaintiff was applying for a special use permit under that ordinance.

The trial court did not limit its review to ascertaining whether there was competent evidence to support the findings of the zoning board or whether the findings and decision of the zoning board were against the manifest weight of the evidence. Instead, the court exceeded its scope of judicial review by weighing the evidence and making its own determination of what was proved by the manifest weight of the evidence. (*Roosevelt Memorial Hospital v. Chaddick* (1970), 131 Ill. App. 2d 82, 266 N.E.2d 755.) Therefore, the court's determination must be reversed.

■■ In a special use application, it is incumbent upon the applicant to present evidence to the zoning board from which it can make findings that the standards imposed by the ordinance have been met. Plaintiff did not meet its burden. We agree with defendants that the local zoning authority is vested with broad powers in determining the suitability of a given site for the proposed special use. *Pioneer Trust & Savings Bank v. County of McHenry* (1968), 41 Ill. 2d 77, 84, 241 N.E.2d 454, 459.

In view of the evidence offered by the objectors, we are of the opinion that the zoning board's denial of the application for special use was correct, and its findings are not against the manifest weight of the evidence.

For the foregoing reasons, the judgment of the circuit court of Cook County is reversed.

Judgment reversed.

ROMITI, P. J., and LINN, J., concur.