COSMOPOLITAN NATIONAL BANK, Trustee, *et al.*, Plaintiffs-Appellants, *v.* THE VILLAGE OF NILES, Defendant-Appellee.

First District (3rd Division)    No. 81—2427

Opinion filed September 14, 1983.

Ross, Hardies, O'Keefe, Babcock & Parsons, of Chicago (R. Marlin Smith, of counsel), for appellants.

Sneider and Troy, of Chicago (Richard J. Troy and Randy G. Black, of counsel), for appellee.

JUSTICE WHITE delivered the opinion of the court:

Plaintiffs, Cosmopolitan National Bank as trustee of a trust holding certain real estate that is the subject matter of this suit, Louis Capazolli, Joseph Capazolli, and Aida Guss, the beneficial owners of the trust, and McDonald's Corporation, lessors of the subject property, appeal from an order of the trial court upholding the decision of defendant, the village of Niles, that denied plaintiffs' petition for a special use permit.

Plaintiffs seek to develop a McDonald's restaurant on the property. On December 17, 1979, they filed a petition with the zoning board of appeals and the plan commission of the village of Niles requesting reclassification of the subject property from the R-4 residential district to the B-1 business district and the issuance of a special use permit for the proposed McDonald's restaurant. The zoning board of appeals held public hearings on the petition for rezoning and a special use permit, and on March 24, 1980, recommended that the board of trustees of the village of Niles deny the request for rezoning and a special use permit. On May 13, 1980, the board of trustees concurred in that recommendation and adopted a resolution denying plaintiffs' petition.

Plaintiffs then brought an action in the circuit court of Cook County seeking review of the village's decision. At the commencement of trial, the village conceded that the property should be rezoned to the B-1 business district. Therefore, the sole issue before the trial court was whether the village had abused its discretion in deny-

ing the requested special use permit. After a bench trial on the merits, the trial court entered judgment in favor of the village. Plaintiffs appeal from that order.

McDonald's Corporation proposes to develop the subject property with a McDonald's restaurant, with a drive-through window, and five retail stores. The McDonald's restaurant would have 4,386 square feet and the retail stores would contain 11,400 square feet. One of the stores would have 1,800 square feet of space and the remaining four stores would each have 2,400 square feet of space. There would be 99 parking spaces on the property, 61 for the McDonald's restaurant and 38 for the retail stores. McDonald's restaurants receive from the corporation 11 inspections each year by regional personnel, including one full field consultation. A McDonald's restaurant and its immediate surrounding area is policed for litter and debris every half hour and each morning an employee walks a one-block square area around the restaurant to pick up any letter from the store. The control of exhaust emissions on McDonald's restaurants is considered the standard for the industry.

The property is located at the northeast corner of Grace and Dempster streets in Niles. It contains 111,015 square feet, measured from street center line to street center line and 84,129 square feet of frontage on Grace. Dempster Street is a four-lane highway and is one of the main east-west streets in Niles.

The property is the last vacant parcel in a commercial area on Dempster Street in Niles between Greenwood Avenue on the west, and Cumberland Avenue on the east. Immediately west of Greenwood, both sides of Dempster are occupied by major shopping centers. The shopping center on the south side of Dempster is in Park Ridge, and contains a Dominick's Food Store, a Walgreen's Drugstore and other convenience shopping facilities. On the north side of Dempster is the Dempster Plaza Shopping Center which contains approximately 200,000 square feet of retail stores including a Jewel store, Armanetti's Liquors, and K-Mart. At the southwest corner of the Dempster-Greenwood intersection in Park Ridge, there is a Shell gas station and an Arthur Treacher's Fish and Chips restaurant. At the southeast corner of the Dempster-Greenwood intersection, there is a Union 76 gas station with a carwash and Spicer's Restaurant. Next to Spicer's Restaurant is an office building, and immediately east of that is Jonathan's Restaurant at the southwest corner of Grace and Dempster. There is a gas station at the northeast corner of the Dempster-Greenwood intersection and a Poppin' Fresh Pies Restaurant. Next to Poppin' Fresh Pies are businesses known as G & M Party Needs Incorpo-

rated and a J. D. Enterprises Landscaping and Construction. Across from the subject property at the northwest corner of the Dempster-Grace intersection is the Dempster Plaza State Bank which has eight drive-up windows. Immediately east of the subject property is the First Federal Savings and Loan building which has four drive-up windows. The northern half of the block on which the subject property is located is occupied by multiple-family dwelling units. On the south side of Dempster Street across from the subject property the land is occupied by multiple-family dwellings at a density of 22 dwelling units per acre.

Plaintiffs contend that the finding of the trial court that the board of trustees' denial of the special use permit was not arbitrary and capricious was not contrary to the manifest weight of the evidence.

In judicial review of a denial of a special use permit, the court is concerned with the constitutionality of the special use denial insofar as it prohibits a particular use as designed. (*La Salle National Bank v. County of Lake* (1975), 27 Ill. App. 3d 10, 15, 325 N.E.2d 105.) Thus a finding by a court that a special use permit should not have been denied in effect recognizes that the proposed use as designed is compatible with the surrounding area. (*La Salle National Bank v. County of Lake* (1975), 27 Ill. App. 3d 10, 16.) The burden is on the plaintiff to prove by clear and convincing evidence that the denial of the special use permit was arbitrary, capricious and unreasonable in that it bore no real or substantial relationship to the public health, safety, morals or general welfare. (*La Salle National Bank v. City of Evanston* (1974), 57 Ill. 2d 415, 428, 312 N.E.2d 625.) For the reasons stated below, we find that the plaintiffs have sustained their burden of proof and that the denial of the special use permit was arbitrary and unreasonable.

The Niles zoning ordinance sets forth three standards by which application for special use permits are to be measured:

"No special use shall be granted by the Village Board unless the special use:

(a) Is deemed necessary for the public convenience at that location;

(b) Is so designed, located, and proposed to be operated that the public health, safety, and welfare will be protected; and

(c) Will not cause substantial injury to the value of other property in the neighborhood in which it is located."

In regard to the "public necessity" standard the trial judge found that the proposed McDonald's restaurant was not necessary for

the public convenience since there are four other restaurants located within a two-block area of the site in question. We note, however, that the term "necessary" as used in the zoning ordinances does not mean "absolutely necessary" but has been construed to mean "expedient" or "reasonably convenient" to the public welfare. (*Illinois Bell Telephone Co. v. Fox* (1949), 402 Ill. 617, 85 N.E.2d 43; *Foster & Kleiser, Division of Metromedia, Inc. v. Zoning Board of Appeals* (1976), 38 Ill. App. 3d 50, 347 N.E.2d 493; *Hope Deliverance Center, Inc. v. Zoning Board of Appeals* (1983), 116 Ill. App. 3d 868, 452 N.E.2d 630.) Furthermore, the control or restriction of competition is not a proper or lawful zoning objective. See *Lazarus v. Village of Northbrook* (1964), 31 Ill. 2d 146, 152, 199 N.E.2d 797; see generally, 1 Rathkopf, The Law of Planning and Zoning 2—16 n.13 (4th ed.).

■ In applying these principles to the case at bar we hold that the trial court erred in finding that a special use permit was properly denied because of an absence of public necessity. Public necessity is relevant to determining the relative gain or detriment to the public caused by the development. (See *La Salle National Bank v. County of Lake* (1975), 27 Ill. App. 3d 10, 17, 325 N.E.2d 105.) Here, there exists a clear, commercial pattern along Dempster Street. Thus the proposed site is compatible with its surrounding area and, consequently, is not a detriment to the public. Accordingly, the trial court's finding on this issue is against the manifest weight of the evidence.

With respect to the protection of the public health, safety, and welfare standard, the trial judge found that this standard would not be met because of potential traffic problems. Our review of the evidence, however, reveals that the trial judge's finding was manifestly erroneous. In *La Salle National Bank v. City of Park Ridge* (1979), 74 Ill. App. 3d 647, 663, 393 N.E.2d 623, a case involving a similar fact situation, this court stated:

> "Undoubtedly, the McDonald's restaurant would add considerably to the amount of traffic on or near the subject site, and the trial court so found. The fact remains, however, that any retail business or commercial use of the property would result in an increase of traffic. For this reason, traffic, while an important factor to consider, is not entitled to too much weight in the instant case in evaluating the reasonableness of this zoning restriction."

The same is true here where under the Niles B-1 zoning classification, 75 retail business or commercial uses are permitted as of right on the subject property, including, for example, grocery stores, liquor stores, laundries, post offices and taverns and cocktail lounges. We believe,

therefore, that any of the uses now permitted as of right on the subject property under the B-1 category, would result in an increase of traffic. Furthermore, the evidence showed that some of the permitted uses would generate more traffic than the proposed use of the subject property and would have the same access problems. Accordingly, a potential traffic problem, under the facts of this case, is not sufficient to justify the denial by the village of the special use permit sought by plaintiffs.

Finally, with respect to the question of whether there would be substantial injury to the value of other property in the neighborhood, differing expert opinions were presented at trial. However, the trial judge found that, based on the evidence he heard, he could not say that the proposed site would cause substantial injury to the property in the neighborhood. After our review of the record, we hold that the evidence supported the trial judge on this issue.

Accordingly, we conclude that plaintiffs have complied with all of the requirements of the ordinance. However, we note that the village of Niles may impose additional reasonable conditions upon the developer in order to insure the public health, safety, morals and general welfare if the factual situation warrants. See *La Salle National Bank v. County of Lake* (1975), 27 Ill. App. 3d 10, 21, 325 N.E.2d 105.

As we have found that the denial of the special use permit itself is unreasonable, we need not consider plaintiffs' remaining arguments.

For the aforementioned reasons, the order of the circuit court of Cook County is reversed.

Reversed.

McGILLICUDDY and RIZZI, JJ., concur.