ALLAN WEINSTEIN et al., Plaintiffs-Appellants, v. THE ZONING BOARD OF APPEALS OF THE CITY OF HIGHLAND PARK et al., Defendants-Appellees.

Second District No. 2—99—0631

Opinion filed April 6, 2000.

Berle L. Schwartz, of Highland Park, for appellants.

John J. Zimmermann and Michael F. Zimmermann, both of Bradtke & Zimmermann, Ltd., of Mt. Prospect, for appellees.

JUSTICE INGLIS delivered the opinion of the court:

Plaintiffs, Allan and Margot Weinstein, appeal from the judgment of the circuit court of Lake County affirming the order of defendant Zoning Board of Appeals of the City of Highland Park (the Board) that granted a variance to defendants Edward and Janice Litke (defendants) to allow them to construct an addition to their house. Plaintiffs contend that defendants could have completed plans for the addition that would not have required a variance, that defendants failed to offer sufficient evidence to support their request for a variance, and that the Board's order was invalid for failing to make specific findings of fact. We affirm.

Defendants' property is located at the intersection of Florence Avenue and Sheridan Road in Highland Park and is immediately west of plaintiffs' property. Defendants' driveway accesses Sheridan Road.

On June 19, 1997, defendants requested variances to exceed the maximum allowable floor-area ratio and to encroach into the front yard, backyard, and side yard setbacks in order to build an attached garage, add to existing interior rooms, and construct an attached covered porch. At the hearing on the variances before the Board, the plaintiffs conceded that defendants' additions affecting the front yard and backyard did not require a variance and plaintiffs did not object to granting a variance for the floor-area ratio. The only evidence specifically presented to the Board at the hearing concerned the issue of granting the variance from the side yard setback requirement.

At the time defendants requested the variances, their home already encroached 6 feet 3 inches into the required 12-foot side yard setback. Defendants proposed to extend the existing legal nonconformity for a distance of 33.4 feet in order to build an attached two-car garage.

At the hearing, Bruce Green, defendants' architect, presented his design for the addition. His plan converted the one-car garage into additional kitchen space, an added laundry room, and a mud room. Additionally, Green's plan called for the construction of a two-car garage, a turnaround driveway with two exits onto Sheridan Road, and an attached covered porch. Green's plan called for the extension of the

existing nonconformity, which would be the new garage wall, to have no windows.

Richard Williams, senior planner for a land-use consulting firm, testified that, owing to the steep slope in the backyard, it would be extremely expensive to put the proposed addition on the back of defendants' house. Williams also testified that defendants' small lot created a hardship and Green's plan was a reasonable use of the property and in keeping with the other residences in the neighborhood. Williams also testified that allowing the variance would not be detrimental to the public welfare or injurious to other property in the neighborhood.

Renee Tickman, a real estate broker, testified that the property was functionally obsolete and would be difficult to sell. She also testified that the addition would increase the value of the property.

Defendant Edward Litke testified that his growing family needed more space. He testified that he and his family loved the neighborhood and did not want to move.

Barry Weinstein, an architect, testified for plaintiffs. He noted that a variance for the front yard setback was unnecessary. Weinstein presented an alternate plan for the addition. Weinstein testified that, if defendants were to adopt his plan, they could construct the addition without needing to obtain a variance and that his plan would provide defendants with the same functionality they would receive from Green's plan. Weinstein also testified that, unlike defendants' plan, his plan would not impair the supply of light and air to plaintiffs' property.

Tony Sanchez, a landscaper, testified that the line of pine trees along the plaintiff-defendant property line would be harmed by the proposed addition and would die prematurely. Sanchez also noted that several of the pine trees were distressed as a result of the existing legal nonconformity and would likely die prematurely. Sanchez testified that it would cost plaintiffs $15,000 to replace all of the pine trees if they were to die.

Wayne Wanek testified that defendants' addition would cause plaintiffs' property to decrease in value. Wanek testified that, in its present configuration, defendants' house currently had the least impact on the value of plaintiffs' property; any change to defendants' house, either an increase or decrease in its size, would cause the value of plaintiffs' property to decrease.

The Board made the following findings of fact. It determined that the proposed side yard variation was nothing more than the extension of an existing legal nonconformity that harmonized well with the existing building. The Board also found that plaintiffs' privacy would

not be compromised and the trees along the property line would not be harmed by the proposed addition. The Board further resolved any credibility issues in favor of defendants and granted defendants' request for the side yard variance. The Board granted variances for all of defendants' requests and conditioned them on defendants' agreement to put in two windows into the garage wall extension.

Plaintiffs filed a complaint in the circuit court for administrative review. The circuit court affirmed the Board's decision and plaintiff timely appeals.

■ Before turning to the merits of plaintiffs' contentions, we first review the standards pertaining to the review of a decision made by a local zoning board. As in any administrative review case, we review the decision of the trial court *de novo. Town of Sugar Loaf v. Environmental Protection Agency*, 305 Ill. App. 3d 483, 491 (1999). Further, we may not disturb the Board's determination unless it was against the manifest weight of the evidence or the Board acted in an arbitrary and capricious manner. *Smith v. Town of Normal*, 238 Ill. App. 3d 944, 950 (1992).

■ Plaintiffs initially contend that defendants failed to present evidence in support of every essential element required to obtain a variance. Specifically, plaintiffs argue that defendants failed to include evidence that the zoning ordinances caused practical difficulties or a particular hardship only to defendants that the proposed variation would alleviate. Section 150.1205 of the Highland Park Zoning Ordinance of 1997 provides, in pertinent part, that the Board shall not grant a variance unless, based on the evidence presented at the hearing, it finds:

> "(2) The plight of the petitioner is due to unique circumstances and the proposed variation will not merely serve as a convenience to the petitioner, but will alleviate some demonstrable and unusual hardship which will result if the strict letter of the regulations of this Chapter were carried out and which particular hardship or practical difficulty is not generally applicable to other property within the same zoning district;
>
> (3) The particular surroundings, shape, or topographical condition of the subject property would result in a particular hardship upon the owner, as distinguished from a mere inconvenience, if the strict letter of the regulations were carried out, or the application of this Chapter to the subject property has a discriminatory effect thereon." Highland Park Zoning Ordinance § 150.1205 (1997).

Plaintiffs properly note that one seeking a variance must present affirmative evidence to prove each of the necessary elements required to obtain a variance, even in the absence of opposition. *Karasik v. City*

*of Highland Park*, 130 Ill. App. 2d 566, 572 (1970). Plaintiffs contend that defendants failed to present evidence to demonstrate that they were under a particular hardship or practical difficulty. We disagree.

■ The record demonstrates that defendants presented evidence showing that their lot was small compared to the other lots in the neighborhood and that their home was functionally obsolete. Additionally, the record shows that, as a result of the steepness of their backyard, defendants could not practically construct an addition to the back of their house. We also note that plaintiffs either conceded that defendants were entitled to variances or showed that defendants' plans did not require variances for defendants' front yard and backyard and for the floor-area ratio. The Board concluded that defendants' evidence satisfied the standards of the zoning ordinance and proved each essential element required to grant a variance. After reviewing the record, we find that defendants' evidence demonstrated that, due to the circumstances of their property, there existed a particular hardship if the zoning ordinance were strictly enforced and that the Board's determination to allow defendants' variances was not against the manifest weight of the evidence.

■ Plaintiffs also assert that, because they presented a plan for an addition that could be built without the need for variances, defendants failed to prove that they were under any particular hardship. Plaintiffs rely on *Lincoln Central Ass'n v. Zoning Board of Appeals*, 30 Ill. App. 3d 258 (1975), to support this argument. We find *Lincoln Central* to be inapposite. There, a hospital sought a variance to build an addition and a special use to build a parking garage. *Lincoln Central*, 30 Ill. App. 3d at 260. The zoning board granted the variance and special use. The court found that the zoning board's decision was unsupported by the evidence. Specifically, there was no evidence that the hospital could not yield a reasonable return without the variance. The hospital wanted to increase the number of beds by 55% but presented no evidence on the fact that the increase was necessary; indeed, the evidence showed that the hospital operated at less than 100% capacity. *Lincoln Central*, 30 Ill. App. 3d at 267-68. Thus, the decision in *Lincoln Central* was premised on the failure to present evidence, not on the fact that the proposed addition could be constructed to conform to the zoning ordinance without granting a variance. *Lincoln Central* is therefore inapposite to the purpose for which plaintiffs cite it.

Plaintiffs further suggest that, because they presented a plan that complied with the zoning ordinances, the Board was obliged to accept that plan. We find no basis in Illinois law to support the proposition; further, the Board determined that defendants had demonstrated that they would experience a particular hardship if the zoning ordinances

were strictly enforced, notwithstanding the existence of the alternate plan. Having reviewed the record and finding that the determination of the Board was not against the manifest weight of the evidence, we see no reason to disturb the Board's determination on the ground suggested by plaintiffs.

■ Plaintiffs next essentially reiterate their argument that defendants did not present sufficient evidence to justify the award of variances in this case. Plaintiffs point to the evidence they presented, especially the alternate plan submitted by their architect, Weinstein, as support for their argument. Plaintiffs' argument, then, urges us to accept their evidence and reject defendants' evidence. A reviewing court may not reweigh the evidence but will only determine whether the Board's decision was against the manifest weight of the evidence. *Hope Deliverance Center, Inc. v. Zoning Board of Appeals*, 116 Ill. App. 3d 868, 872 (1983). We note that the Board specifically stated that it was resolving all issues of credibility in defendants' favor. We therefore defer to the Board's resolution of the factual disputes embodied in the evidence presented by each party. We also note that defendants presented evidence showing that, as a result of the unique circumstances of their property, the strict enforcement of the zoning ordinances would place them under particular hardships. Accordingly, we again find that the Board's determination was not against the manifest weight of the evidence.

■ Plaintiffs last contend that the Board's order granting defendants' variances is inadequate for failing to make specific findings of fact and for "mere[ly] parroting the language of the ordinance." We disagree. The record shows that the Board considered the evidence presented at the hearing and determined that defendants had satisfied their burden of proof under the zoning ordinances. Further, contrary to plaintiffs' assertion, the Board's order does not merely parrot the terms of the ordinance but indicates that the Board deliberated on the evidence and made the requisite factual findings. Accordingly, plaintiffs' argument is without merit.

The judgment of the circuit court of Lake County is affirmed.

Affirmed.

McLAREN and HUTCHINSON, JJ., concur.